IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| JASON SNIVELY, STEPHEN CLARK, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 U.S.C. § 216(b), *Plaintiffs*, <br><br> v. <br><br> PEAK PRESSURE CONTROL, LLC, and NINE ENERGY SERVICE, LLC, *Defendants*. | NO. MO:15-CV-00134-RAJ-DC |

## ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION

BEFORE THE COURT is a Motion for Notice to Potential Plaintiffs and Conditional Certification (Doc. 33) filed by Plaintiffs Jason Snively, Stephen Clark, and all others similarly situated under 29 U.S.C. § 216(b) ("Plaintiffs"), and Defendants Peak Pressure Control, LLC and Nine Energy Service, LLC's ("Defendants") Response in Opposition. (Doc. 50). After careful consideration of the Parties' briefing and the relevant law, Plaintiffs' motion for conditional certification and notice to potential class members shall be **GRANTED** in part. (Doc. 33).

### I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises out of Plaintiffs' employment by Defendants as Pressure Control Operators. Plaintiffs brings this action individually and on behalf of all others similarly situated under 29 U.S.C. § 216(b) against Defendants, asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Doc. 1). Plaintiffs allege that "Defendants are involved in oilfield services nationwide." (*Id.* at 3). Plaintiffs state that they are "Pressure Control Operators [who] were required to work on site for 24 hours a day, 7 days a week, for weeks at a time in the oilfields." (*Id.* at 1). According to Plaintiffs, these "Pressure Control Operators, however, never received overtime for hours worked in excess of 40 in a single workweek." (*Id.*).

Plaintiffs allege that instead "of paying overtime, Defendants paid Plaintiffs a base salary and bonus payments for their work." (*Id.*). As stated in the Complaint, "Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime and minimum compensation with respect to Plaintiffs and the Class Members." (*Id.* at 5). Plaintiffs seek unpaid overtime wages, liquidated damages, attorneys' fees and costs. (*Id.* at 1).

On December 14, 2015, Plaintiffs filed a motion seeking conditional certification of this lawsuit as a collective action under the FLSA. (Doc. 33). Plaintiffs assert there are other similarly situated individuals whose rights under the FLSA have been violated by Defendants and request that those individuals be permitted to opt-in to this action. (*Id.*). The Parties have filed responsive pleadings to the Motion for Conditional Certification and the matters are now ripe for determination.

## II. STANDARD OF REVIEW

An employee may bring an action for violating the minimum wage and overtime provisions of the FLSA either individually or as a collective action on behalf of himself and "other employees similarly situated." 29 U.S.C. § 216(b). Unlike a class action filed under Federal Rule of Civil Procedure 23(c), a collective action under Section 216(b) provides for a procedure to "opt-in," rather than "opt-out." *Roussell v. Brinker Int'l, Inc.*, 441 F. App'x 222, 225 (5th Cir. 2011) (unpublished) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008)). Although the United States Court of Appeals for the Fifth Circuit has declined to adopt a specific test to determine when a court should conditionally certify a class or grant notice in a case brought under the FLSA, the majority of courts within the Fifth Circuit have adopted the *Lusardi* two-stage approach, after *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).[1]

---

[1] *See, e.g., Vanzzini v. Action Meat Distribs., Inc.*, 995 F. Supp. 2d 703, 719 (S.D. Tex. 2014) (applying *Lusardi*); *Mateos v. Select Energy Servs., LLC*, 977 F. Supp. 2d 640, 643 (W.D. Tex. 2013) (same); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011) (same); *Marshall v. Eyemasters of Tex., Ltd.*, 272 F.R.D. 447, 449 (N.D. Tex. 2011) (same).

2

The two stages of the *Lusardi* approach are the "notice stage" and the "decertification stage." *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1216 (5th Cir. 1995), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at 1214. If the court finds that the putative class members are similarly situated, then conditional certification is warranted and the plaintiff will be given the opportunity to send notice to potential class members. *Id.* After the class members have opted in and discovery is complete, the defendant may then file a decertification motion—the second stage of the *Lusardi* approach—asking the court to reassess whether the class members are similarly situated. *Id.* At that point, the court will fully evaluate the merits of the class certification. *Id.*

### III. DISCUSSION

Plaintiffs seek conditional certification on behalf of a class of similarly situated persons. Accordingly, the Court need only address the first stage of the *Lusardi* inquiry. Plaintiffs must show that "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit." *Tolentino v. C & J Spec-Rent Servs., Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010). During the notice stage, the court makes its decision "usually based only on the pleadings and any affidavits which have been submitted[.]" *Id.* Courts "appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214 n. 8. "FLSA collective actions are generally favored because such actions reduce litigation costs for the individual plaintiffs and create judicial efficiency

3

by resolving in one proceeding common issues of law and fact arising from the same alleged activity." *Tolentino*, 716 F. Supp. 2d at 646.

Here, Plaintiffs seek certification with respect to:

> All pressure control operators who were employed by Nine Energy Services, LLC or Peak Pressure Control, LLC from August 26, 2012 to the present who were paid in whole or in part on a salary basis.

(Doc. 33 at 4). Plaintiffs' request is supported by the Declarations of Randy Mark Pool (*Id.* at Exhibit C), Kerry Sullivan (*Id.* at Exhibit D), James Tippie Jr. (*Id.* at Exhibit E), Jason Snively (*Id.* at Exhibit F), Stephen Clark (*Id.* at Exhibit G), Titus LaDon (*Id.* at Exhibit H), Jared Klein (*Id.* at Exhibit I), Josh Salazar (*Id.* at Exhibit J), Frederico Munoz (*Id.* at Exhibit K), Oscar R. Dovalina (*Id.* at Exhibit L), Jose Samano (*Id.* at Exhibit M), Jacob Stuckly (*Id.* at Exhibit N), Raul Moreno (*Id.* at Exhibit O), Carlos Rivera (*Id.* at Exhibit P), Vincent Torres (*Id.* at Exhibit Q), Johnny Torrez (*Id.* at Exhibit R), Enrique Mercado (*Id.* at Exhibit S), and Uriel Sanchez (*Id.* at Exhibit T). Therein, the declarants describe themselves as Pressure Control Operators currently or formerly employed by Defendants. (*Id.* at Exhibits C–T).

Defendants oppose Plaintiffs' motion for conditional certification on the basis that: (1) Plaintiffs have "failed to provide substantial allegations, much less evidence, of a uniform policy, plan, or decision infected by discrimination as required to show" that they and the putative class members are similarly situated; and (2) "exemption-based liability issues, as well as damages issues, will require individualized discovery and determinations." (Doc. 50 at 2). Defendants argue that Plaintiffs have only stated a claim for an alleged FLSA violation but they have not alleged a "discriminatory policy, plan, or decision that caused . . . the purported violation, which is required to justify conditional certification." (*Id.* at 4).

A. **Existence of Aggrieved Co-Workers**

In their Complaint, Plaintiffs allege that "Defendants employ Pressure Control Operators throughout the United States." (Doc. 1 at 3). Plaintiffs assert that these "Pressure Control Operators

4

makeup the Class Members." (*Id.*). Defendants purportedly violated the FLSA by failing to pay Pressure Control Operators "for hours worked in excess of 40 in a workweek." (*Id.* at 1). Plaintiffs further state that "Defendants were aware of the FLSA's overtime requirements and chose not to pay Plaintiffs and the Class Members overtime pay." (*Id.* at 4).

Defendants deny these allegations and argue "collective adjudication is not legally proper[.]" (Doc. 50 at 2). Further, Defendants respond that "it would be neither efficient nor economical for the Court" to conditionally certify this action. (Doc. 50 at 2). Defendants challenge the "declarations offered in support of Plaintiff's motion [as] defective in many respects[.]" (Doc. 50 at 11). Defendants argue the declarations are insufficient to meet Plaintiffs' initial burden because they "consist primarily of inadmissible testimony," and "conclusory allegations[.]"

At the notice stage, allegations in pleadings and affidavits are generally sufficient to support a claim for conditional certification. *Mooney*, 54 F.3d at 1213–14. Most courts agree that affidavits submitted at the notice stage of class certification need not be in a form admissible at trial. *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 759 (N.D. Tex. 2013). A holding otherwise would "defeat the purpose of the two-stage analysis," since the first stage sets a purposefully low bar that typically results in conditional certification. *White v. MPW Indus. Servs., Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012). All that courts require is that the allegations in the declarations are based on personal knowledge. *Lee*, 980 F. Supp. 2d at 762. "Personal knowledge can include inferences and opinions, so long as they are grounded in personal observation and experiences." *United States v. Cantu*, 167 F.3d 198, 2014 (5th Cir. 1999) (internal quotation marks omitted).

In support of their motion for conditional certification, Plaintiffs submit the declarations of 18 individuals employed by Defendants as Pressure Control Operators. (Doc. 33 at Exhibits C–T). These declarations are relevant to the certification analysis because they provide "substantial allegations that the putative class members were together the victims of a single decision, policy, or

5

plan infected by discrimination." *Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008). The declarants state that as Pressure Control Operators their primary duties were to set up, operate and monitor Defendants' pressure control equipment and tools at Defendants' various job sites. (Doc. 33 at Exhibits C–T). Furthermore, the Pressure Control Operators were allegedly required to work shifts lasting 18 to 24 hours on Defendants' oil and gas sites for many days at a time. (*Id.*). The declarants claim they frequently worked 120 hours per week or more. (*Id.*). However, the Pressure Control Operators declare that Defendants never paid compensation at overtime rates for any overtime work. (*Id.*). Rather, the Pressure Control Operators received a base salary plus bonus compensation that did not provide overtime pay for overtime hours performed in excess of 40 in a week. (*Id.*).

The Court finds that the 18 declarants in this case are familiar with Defendants' compensation policies as a result of their current or former employment as Pressure Control Operators for Defendants and their discussions with other employees. The pleadings and submissions in this case allege that Defendants implemented the same policy of misclassification and underpayment with respect to many of their workers employed as Pressure Control Operators. (*Id.*). The declarations also indicate that there were approximately 50 Pressure Control Operators employed by Defendants who were also underpaid for overtime work. (*Id.*). Because the Pressure Control Operators have personal knowledge of Defendants' compensation policies, the Court concludes that this evidence is sufficient to credit "the assertion that aggrieved individuals exist," and the allegations that Defendants failed to appropriately compensate Plaintiffs and similarly situated employees as required by the FLSA. *Tolentino*, 716 F. Supp. 2d at 647.

B.   **Aggrieved Co-Workers Are Similarly Situated to Plaintiffs**

To prevail on their Motion, Plaintiffs must also show that they are similarly situated to the class members they seek to represent. "[P]otential class plaintiffs are considered 'similarly situated' to the named plaintiffs if they are 'similarly situated' with respect to their job requirements and with

regard to their pay provisions." *Tolentino*, 716 F. Supp. 2d at 649–50. "The positions need not be identical, but similar." *Id.*

Again, Plaintiffs have offered the declarations of 18 workers currently or formerly employed by Defendants as Pressure Control Operators, all of whom attest to the same experiences of Defendants' compensation practices. (Doc. 33 at Exhibits C–T). According to these declarations, the putative class members perform the same type of work and job duties under the same conditions as Plaintiffs and were also paid under a base salary plus bonus compensation that did not provide overtime compensation for hours worked in excess of 40 in a week. (*Id.*). As such, Plaintiffs have raised substantial allegations to bind themselves to the putative class members as victims of the same "decision, policy, or plan infected by discrimination." *Mooney*, 54 F.3d at 1214 n. 8.

The Court rejects Defendant's argument that individualized liability issues based on exemption defenses make representative adjudication improper. (Doc. 50 at 5). As an initial matter, the various defenses available to Defendants, which appear to be individual to each plaintiff, are more appropriately considered at the second stage of the *Lusardi* inquiry. *Mooney*, 54 F.3d at 1213 n. 7, 1215–16; *See Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 534 (S.D. Tex. 2008). Considering the "fairly lenient" burden imposed at the first stage, the Court finds that the 18 employee declarations in support of conditional certification are sufficient evidence to show Plaintiffs are similarly situated to the proposed class. *See Montelongo v. Hous. Auth. City of El Paso*, 2010 WL 2838354, at *3 (W.D. Tex. July 16, 2010) (relying on declarations stating functions and duties of workers bearing different titles were essentially equivalent in conditionally certifying class).

Moreover, Defendants have not identified any defenses personal to each plaintiff that potentially derive from different job requirements. Defendants contend Pressure Control Operators are exempt from overtime requirements under the Motor Carrier Act exemption, which depends upon "the class of work involved in the employee's job." (Doc. 50 at 6) (citing 29 C.F.R. § 782.2(a)). In addition, Defendants assert that the highly-compensated exemption under the FLSA applies to

7

Pressure Control Operators. Yet, Plaintiffs and all putative class members have the same employment title and job responsibilities as Pressure Control Operators. Therefore, assuming Defendants can prevail on these exemption defenses, they would apply largely to all potential plaintiffs. Accordingly, the Court is not convinced the defenses asserted are so individualized that collective adjudication of this claim is unworkable. Therefore, Plaintiffs have adduced sufficient evidence of a widespread discriminatory plan to show that they are similarly situated to the putative class members they seek to represent.

C.  **Aggrieved Co-Workers' Desire to Opt In**

Finally, Plaintiffs have made a sufficient showing that other workers want to opt-in to the instant action. In fact, forty-six (46) Pressure Control Operators currently or formerly employed by Defendants have filed consent forms to become opt-in plaintiffs in this overtime lawsuit.[2] These consent forms demonstrate the existence of similarly situated aggrieved individuals who wish to join the suit. As previously discussed, 18 of these opt-in plaintiffs have filed declarations in support of the motion for conditional certification. (Doc. 33 at Exhibits C–T). Because Plaintiffs have adequately shown that other similarly situated workers desire to opt-in to this case, conditional certification of a collective action is appropriate at this time. *Tolentino*, 716 F. Supp. 2d at 653

---

[2] The opt-in consent forms are docketed as follows: Jason Snively (Doc. 1 at Exhibit A), Stephen Clark (*Id.* at Exhibit B), Carlos Rivera (Doc. 3 at Exhibit A), Elvis Zdionica (*Id.* at Exhibit B), Gregory Hall (*Id.* at Exhibit C), Joshua Salazar (Doc. 4 at Exhibit A), Evan Keefer (Doc. 8 at Exhibit A), Jacob Stuckly (*Id.* at Exhibit B), Manuel Romo (Doc. 10 at Exhibit A), O'Neil Campbell (*Id.* at Exhibit B), Benjamin Gomez (Doc. 11 at Exhibit A), Devin Doggette (*Id.* at Exhibit B), Federico Munoz (*Id.* at Exhibit C), Jacob L. Cowan (*Id.* at Exhibit D), Johnny Torres (*Id.* at Exhibit E), Jorge Romero (*Id.* at Exhibit F), Jose Samano (*Id.* at Exhibit G), Myles Griffard (*Id.* at Exhibit H), Enrique Mercado (Doc. 12 at Exhibit A), Vincent Torres (*Id.* at Exhibit B), Blaine Everhart (Doc. 14 at Exhibit A), Brandon Troy Eylar (*Id.* at Exhibit B), Jose A. Carrizales (*Id.* at Exhibit C), Kerry Sullivan (*Id.* at Exhibit D), James Tippie, Jr. (Doc. 15 at Exhibit A), Clayton Perry III (*Id.* at Exhibit B), Uriel Sanchez (Doc. 17 at Exhibit A), Raul Moreno (*Id.* at Exhibit B), Oscar Sanchez (*Id.* at Exhibit C), Manuel Rodriguez (*Id.* at Exhibit D), Aldo Cortez (*Id.* at Exhibit E), Osbaldo Mendoza (Doc. 18 at Exhibit A), Patrick Lee Castillo (Doc. 19 at Exhibit A), Randy Mark Pool, Jr. (Doc. 20 at Exhibit A), Jared Klein (*Id.* at Exhibit B), Donte Rodney Dukes (*Id.* at Exhibit C), LaDon Titus (Doc. 21 at Exhibit A), Charles Cox (Doc. 27 at Exhibit A), James Andrews (*Id.* at Exhibit B), Jose Bonilla (*Id.* at Exhibit C), Fernando Martinez (Doc. 30 at Exhibit A), Ross Coston (*Id.* at Exhibit B), Adam Herrera (Doc. 31 at Exhibit A), Robert E. Wallace (Doc. 44 at Exhibit A), Erbey Spencer (Doc. 55 at Exhibit A), William Scott Carter (*Id.* at Exhibit B).

(finding two declarations of similarly situated individuals and the complaint sufficient to demonstrate the existence of employees who would opt in).

D.  **Plaintiffs' Proposed Notice**

Plaintiffs have also requested "that the Court approve the proposed Notice[.]" (Doc. 33 at 10). Plaintiffs seek a ninety (90) day opt-in period. In addition, Plaintiffs seek an Order requiring Defendants to disclose the names, last known addresses, e-mail addresses, and telephone numbers in useable electronic form to reduce any delay in sending out the notices within three (3) days from entry of the Order approving the proposed Notice. (*Id.*). Next, Plaintiffs requires permission to mail and email the proposed Notice to the class members. (*Id.*). Furthermore, Plaintiffs request the proposed Notice be posted at each of Defendants' shops where Pressure Control Operators report in an area readily and routinely available for these employees. (*Id.*).

1.  **Objection to Opt-In Period**

In the Appendix attached to Defendants' Response, Defendants set forth their objections to Plaintiffs' proposed Notice. (Doc. 50-1). Therein, Defendants argue that Plaintiffs have already "had a sufficient amount of time to encourage joinder in the litigation (which they have done without Court approval to date), and as a result, any opt-in period should be limited to thirty days, at most." (*Id.* at 2). The Court agrees that Plaintiffs have been successful in notifying many potential opt-in plaintiffs of this litigation as evidenced by the 46 employees who have consented to participate in this action. Accordingly, Court finds that an additional notice period of **sixty (60) days** is sufficient under these circumstances.

2.  **Objection to Omission of Defense Counsel's Contact Information**

Defendants also object on the basis that the proposed Notice does not contain contact information for defense counsel. (*Id.*). There is a split among district courts as to whether the inclusion of defense counsel's contact information is appropriate. *Garcia v. TWC Admin., LLC*, No. SA:14-CV-985-DAE, 2015 WL 1737932, at *7 (W.D. Tex. Apr. 16, 2015). Some have stated that

9

"there is no basis in logic" for the request to include defense counsel's contact information, while others note that "FLSA opt-in notices often contain the names of all counsel." *Id.* (internal citations omitted). Courts declining to order the inclusion of defense counsel's contact information generally cite ethical concerns about post-certification communication between defense counsel and class members. *Id.* "Including contact information for defense counsel in the class notice risks violation of ethical rules and inadvertent inquiries," causing needless confusion. *Id.* (citing *Harris v. Vector Mktg. Corp.*, 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010)). Therefore, the Court finds that inclusion of defense counsel's contact information in the proposed Notice is unwarranted. *See McCloud v. McClinton Energy Grp.*, LLC, No. MO:14-CV-120, 2015 WL 737024, at *10 (W.D. Tex. Feb. 20, 2015).

### 3. Objection to Language Regarding Defenses and Obligations of Plaintiffs

Further, Defendants request detailed language concerning exemption defenses and putative class members' obligations should they participate in the litigation to be included in the proposed Notice. On January 27, 2016, Plaintiffs filed an amended proposed Notice. (Doc. 45-1). Notably, the amended proposed Notice includes the following language pertaining to Defendants' denial of liability: "Peak Pressure Control, LLC ("Peak") and Nine Energy Service LLC ("Nine") have denied these allegations." (*Id.*). In addition, the amended proposed Notice explains the obligations of potential opt-in plaintiffs:

> While this suit is proceeding, you may be required to respond to written questions, sit for depositions, and/or testify in court. If judgment is rendered in favor of Nine and Peak, the Court may tax certain statutory costs against the unsuccessful workers but the workers' attorneys have agreed to pay such costs if they are ever assessed.

(*Id.*). The Court finds that the language added to the amended proposed Notice sufficiently puts any potential opt-in plaintiffs on notice of their duties to participate in this litigation as well as the fact that Defendants dispute liability in this case. *Tolentino*, 716 F. Supp.2d at 655.

### 4. Objection to Omission of Language Regarding Separate Representation

Next, Defendants oppose the proposed Notice because it fails to inform potential opt-in plaintiffs that they "may contact any attorney of their choosing to discuss the case." *Tolentino*, 716 F. Supp. 2d at 655. The Court agrees with Defendants and finds that the proposed Notice must advise putative class members of their right to retain separate counsel and pursue their rights independently from the class. Therefore, Plaintiffs must file a Revised Proposed Notice including language advising putative class members of their right to separate representation by an attorney of their choosing.

### 5. Objection to Dissemination of Notice by Email

The Court is unpersuaded by Defendants' argument that "Plaintiffs are not entitled to telephone numbers or email addresses because they have no legitimate need for this sensitive information in distribution of any potential notices." (*Id.* at 3). Plaintiffs cite a number of cases in which courts have permitted the emailing of notice to putative class members. (Doc. 33 at 10 n. 34). The Court agrees with Plaintiffs and the other courts in the cases cited by Plaintiffs that sending of notice in FLSA proceedings via email is an appropriate method of distribution. *See Pacheco v. Aldeeb*, No. 5:14-CV-121-DAE, 2015 WL 1509570, at *8–*9 (W.D. Tex. Mar. 31, 2015) (unpublished) (approving notice by email).

### 6. Objection to Workplace Posting of Notice

Defendants also oppose Plaintiffs' request for workplace posting of the proposed Notice on the basis that the potential opt-in plaintiffs have effectively received notice by other means, as evidenced by the 46 consents filed to date. (Doc. 50-1 at 4). Defendants claim generally that such workplace posting would "stir litigation and punish Defendants." (*Id.* at 5). However, Defendants present no specific allegations or evidence to support their claim that they would suffer harm as a result of posting the proposed Notice at each of Defendants' shops where Pressure Control Operators report in an area readily and routinely available for these employees.

Courts have approved physical posting as an appropriate form of notice in FLSA actions. *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 493 (E.D. Cal. 2005) (approving notice by posting in defendant's workplace over defendant's objections that such posting would be "punitive" and unnecessary); *Johnson v. Am. Airlines, Inc.*, 531 F. Supp. 957, 961 (N.D. Tex. 1982) (approving notice by direct mail, posting notice on company bulletin boards, and publishing the notice in a company magazine). Accordingly, Plaintiffs shall have permission to disseminate the notice by regular mail, electronic mail, and workplace posting.

7. **Objection to Statute of Limitations**

Lastly, Defendants contend the proposed Notice purports to cover operators who worked for Peak and Nine from August 2012 to the present. (Doc. 50-1). Defendants argue that the statute of limitations is three years for a willful violation. (*Id.*). Thus, Defendants contend that the only Pressure Control Operators who could potentially join this lawsuit would be those who worked for Defendants in the last three years since January 2013. (*Id.*).

Courts within the Fifth Circuit have repeatedly recognized that "based on the statute of limitations . . . class certification is appropriately limited to workers employed by the defendant up to three years before notice is approved by the court." *Tolentino*, 716 F. Supp. 2d at 654 (quoting *Quintanilla v. A & R Demolition, Inc.*, No. H–04–1965, 2005 WL 2095104, at *16 (S.D. Tex. Aug. 30, 2005)); *see also Watson v. Travis Software Corp.*, No. H–07–4104, 2008 WL 5068806, at *9 (S.D. Tex. Nov. 21, 2008) ("A class period covering the three years before the date this court approves conditional certification and notice is appropriate in this case."). As such, the three-year limitations period under the FLSA should be measured from the date notice is issued, rather than the date Plaintiff's Complaint was filed.

The date of approval of notice is determinative for purposes of establishing a class period. Accordingly, the Court finds that the following definition of the collective action should henceforth be employed:

All current and former Pressure Control Operators employed by Peak Pressure Control and/or Nine Energy Services, L.L.C. during the three-year period before the date the Court authorizes notice.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part Plaintiff's Motion for Notice to Potential Plaintiffs and Conditional Certification. (Doc. 33). It is hereby **ORDERED** that the Parties shall comply with the following deadlines and directives:

It is **ORDERED** that the Plaintiffs shall, within **three (3) business days** of this Order, file with the Court a Revised Proposed Notice that complies with this Order.

It is further **ORDERED** that Defendants shall, within **fourteen (14) days** of this Order, provide Plaintiffs' counsel with the names, last known addresses, e-mail addresses, and telephone numbers of the potential opt-in plaintiffs ("Court-Ordered Information"), in a usable electronic format. Telephone numbers shall be used only to verify addresses or e-mail addresses for potential opt-in plaintiffs, and shall not be used to solicit.

It is further **ORDERED** that Defendants shall, within **fourteen (14) days** of this Order, post the Revised Proposed Notice in each of Defendants' shops where Pressure Control Operators report in a readily-visible area to which employees have access.

It is further **ORDERED** that Defendants shall, within **seven (7) days** of posting the notices at their shops, certify to the Court in writing that the proposed Notice has been posted. Defendants may remove the posted notices from its shops after the expiration of the notice period ordered by the Court (**sixty (60) days** from the date Defendants provide Plaintiffs with the Court-Ordered Information).

It is further **ORDERED** that Plaintiffs' counsel shall, upon obtaining the Court-Ordered Information, be permitted to send notices of this action in the form set forth in Plaintiff's Revised Proposed Notice, by mail and email, for a period of **sixty (60) days** from the date Defendants provide Plaintiffs with the Court-Ordered Information.

13

It is further **ORDERED** that Plaintiffs' counsel shall file an advisory of any sending of such notices with this Court within **three (3) business days** of doing so. In such advisories, Plaintiffs' counsel shall specify the date and manner by which the notices were sent.

It is further **ORDERED** that the notice shall inform all potential opt-in plaintiffs that they shall have until **sixty (60) days** from the date Defendants provide Plaintiffs with the Court-Ordered Information to deposit in the mail or email their Notices of Consent to Join to counsel for Plaintiffs.

It is finally **ORDERED** that Plaintiffs' counsel shall have until **fifteen (15) days** after the expiration of the sixty-day notice period (which ends **sixty (60) days** from the date Defendants provide Plaintiffs' counsel with the Court-Ordered Information) to file the Notices of Consent to Join of all opt-in plaintiffs they receive.

It is so **ORDERED**.

SIGNED this 27th day of February, 2016.

ROBERT A. JUNELL
Senior United States District Judge