IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| JASON SNIVELY, STEPHEN CLARK, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B),<br>    *Plaintiff*,<br>v.<br><br>PEAK PRESSURE CONTROL, LLC, & NINE ENERGY SERVICE, LLC,<br><br>    *Defendants*. | Civil Action No. 7:15-cv-0134-RAJ<br><br><br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' AMENDED COMPLAINT

Plaintiffs Jason Snively and Stephen Clark ("Plaintiffs"), individually and on behalf of all others similarly situated files this Original Complaint against Defendants Peak Pressure Control, LLC and Nine Energy Service, LLC (collectively, "Defendants"), and in support state the following:

### I. SUMMARY

1. Plaintiffs, and other Pressure Control Operators like them, were required to work on site for 24 hours a day, 7 days a week, for weeks at a time in the oilfields. These Pressure Control Operators, however, never received overtime for hours worked in excess of 40 in a single workweek. Instead of paying overtime, Defendants paid Plaintiffs a base salary and bonus payments for their work. This collective action seeks to recover the unpaid overtime wages, liquidated damages, attorneys' fees and cots owed to these Pressure Control Operators.

### II. PARTIES

1. Plaintiff Jason Snively is an individual residing in Odessa, Texas. His consent to participate is already on file with the Court.

2. Plaintiff Stephen Clark is an individual residing in Midland, Texas. His consent to participate is already on file with the Court.

3. The Plaintiffs and "Class Members" are Defendants' current and former Pressure Control Operators or Pressure Controllers whose primary duty was to operate pressure control equipment and tools, who were paid a salary for their work, or a salary plus a bonus for their work.

4. Defendant Peak Pressure Control, LLC is a Texas LLC that has already been served.

5. Defendant Nine Energy Service LLC is a Texas LLC that has already been served.

### III. JURISDICTION AND VENUE

1. This Court has jurisdiction over the claim because Plaintiffs have asserted a claim arising under federal law.

2. Venue is proper in the Western District of Texas because the events forming the basis of this suit occurred in this District and because one or more of the Parties reside in this District.

### IV. COVERAGE FACTS

3. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

4. At all times hereinafter mentioned, Defendants have been employers or joint employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

5. At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

6. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

7. At all times hereinafter mentioned, Plaintiffs and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

8. Defendants are involved in oilfield services nationwide. Defendants employ Pressure Control Operators throughout the United States. These Pressure Control Operators makeup the Class Members.

9. Plaintiffs worked as Pressure Control Operators for Defendants within the last three years. As Pressure Control Operators, Plaintiffs' and the Class Members' primary duty was to operate pressure control equipment and tools. Defendant paid Plaintiffs a base salary and/or bonuses for their long hours of work but did not pay overtime pay for hours worked in excess of 40 in a workweek.

10. Plaintiffs and the Class Members routinely worked over 40 hours per week, but were not paid overtime for doing so. Defendants knew that Plaintiffs and the Class Members worked in excess of 40 hours per week and they allowed and directed them to do so.

11. Plaintiffs and the Class Members are entitled to receive overtime pay for all hours worked in excess of 40 per workweek ("overtime hours"). Defendants were aware of the FLSA's overtime requirements and chose not to pay Plaintiffs and the Class Members overtime pay. Defendants willfully misclassified Plaintiffs and the Class Members as exempt from the protections of the FLSA. Defendants were aware of the requirements of the FLSA and the requirements to provide overtime pay for overtime work but required Plaintiffs and the Class Members to work uncompensated overtime hours. Defendants were aware that Plaintiffs and the Class Members were required to work in excess of 40 hours in weeks covered by this lawsuit. Defendants also failed to take the necessary affirmative steps to ensure their continuing and ongoing compliance with the FLSA. Defendants willfully or with reckless disregard failed pay the Plaintiffs and Class Members overtime as required by the law.

12. Defendants did not pay overtime to Plaintiffs and the Class Members. This failure to pay overtime includes failing to include bonus payments to Plaintiffs and the Class Members based on the proper regular rate of pay. Specifically, Defendants failed to pay overtime pay on a rate which included all non-discretionary bonuses in the regular rate of pay.

## VI. COLLECTIVE ACTION ALLEGATIONS

13. Plaintiffs incorporate paragraphs 8 – 12 as if stated fully herein.

14. Plaintiffs and the Class Members performed the same or similar job duties as one another as described in the preceding paragraphs in that the Class Members were other Pressure Control Operators (or some other name variation) whose primary duty was to operate pressure control equipment and tools. Further, Plaintiffs and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Specifically, Plaintiffs and the Class Members were paid a salary and/or bonuses, but were not

paid overtime for any hours they worked in excess of 40 during any workweek. Plaintiffs and Class Members were all misclassified as exempt from the FLSA overtime requirements. Moreover, the bonuses paid to Plaintiffs and the Class Members were not included in their regular rate of pay such that overtime could not have been properly paid. Accordingly, the Class Members were victimized by Defendants' unlawful pattern and practices and are similarly situated to Plaintiffs in terms of job duties and pay provisions.

15. Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the Class Members. Thus, Plaintiffs' experience is typical of the experience of the Class Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiffs and the Class Members.

16. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime and minimum compensation with respect to Plaintiffs and the Class Members.

## VIII. RELIEF SOUGHT

17. WHEREFORE, cause having been shown, Plaintiffs pray for judgment against Defendants jointly and severally as follows:

a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those who may join the suit); and

b. For an Order awarding Plaintiffs (and those who may join in the suit) the costs of this action;

c. For an Order awarding Plaintiffs (and those who may join in the suit) attorneys' fees;

d. For and Order awarding Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ *Jack Siegel*
**JACK SIEGEL**
*Co-Attorney in Charge*
Texas Bar No. 24070621
Siegel Law Group PLLC
10440 N. Central Expy.
Suite 1040
Dallas, Texas 75231
(214) 706-0834 phone
(469) 339-0204 fax
www.siegellawgroup.biz

**J. DEREK BRAZIEL**
*Co-Attorney in Charge*
Texas Bar No. 00793380
**J. FORESTER**
Texas Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**ATTORNEYS FOR PLAINTIFFS**