# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **JASON SNIVELY, STEPHEN CLARK,** | § | |
| **and all others similarly situated;** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **No. MO:15-CV-00134-DC** |
| | § | |
| **PEAK PRESSURE CONTROL, LLC,** | § | |
| **and NINE ENERGY SERVICES, LLC,** | § | |
| *Defendants*. | § | |

## <u>ORDER DENYING PLAINTIFFS' MOTION TO COMPEL OR, ALTERNATIVELY, SANCTION DEFENDANTS</u>

BEFORE THE COURT is Plaintiffs Jason Snively and Stephen Clark's, and all others similarly situated, Motion to Compel 30(b)(6) Deposition Testimony or, Alternatively, Sanction Defendants by Striking Evidence. (Doc. 150). After due consideration, the Court **DENIES** Plaintiffs' Motion to Compel. *Id.*

## I.   FACTUAL BACKGROUND

Plaintiffs filed this case on August 26, 2015, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et. seq.* (Doc. 1). The original scheduling order set a discovery deadline of March 1, 2016. (Doc. 26). The Court granted four separate discovery extensions, and the final discovery deadline expired on April 2, 2018. (Docs. 96, 99, 114, 141). Despite nearly three years of discovery, Plaintiffs now move to compel Defendants to provide additional deposition testimony. (Doc. 150).

Plaintiffs' Motion to Compel specifically relates to one of Plaintiffs' interrogatories and the deposition testimony of Bruce Morgan—Defendants' corporate representative. *Id.* On July 21, 2017, Plaintiffs propounded the following interrogatory to Defendants:

**INTERROGATORY NO. 10:**

For each PLAINTIFF identified in Interrogatory No. 9, state all facts and identify all witnesses and documents supporting or otherwise concerning your contention that each PLAINTIFF "exclusively" drove, assisted the driver of, loaded or performed duties that affected the duties of BIG TRUCKS. In identifying the facts, documents, and witnesses, indicate for each PLAINTIFF and for which workweek the facts, documents, and witnesses are being identified.

(Doc. 150-2 at 9). Defendants provided the following Answer to Plaintiffs' Interrogatory No. 10:

**ANSWER:**

Defendants object to this request to the extent it seeks information concerning persons other than those Plaintiffs that are in the representative discovery group (hereinafter, "Plaintiffs"). Defendants object to this interrogatory as unreasonably broad, unduly burdensome, and improperly requiring Defendants to marshal their evidence in response to one written interrogatory. Defendants object to this interrogatory for lack of foundation and as irrelevant to the extent it is based on a mischaracterization of applicable legal standards, particularly based on the definition of "exclusively." Subject to and without waiving these objections, **Defendants did not collect the specific information or make records of the specific information sought in this interrogatory on an employee-by-employee and workweek-by-workweek basis. However, as of approximately January 2016, the pick-up trucks used by the pressure control operators, also known as field service technicians, and field service trainees consisted exclusively of trucks with a gross vehicle weight rating in excess of 10,000 pounds**. Additionally, both before and after that time, the pick-up trucks used by such field employees were regularly used to tow trailers and equipment that, in combination with the GVWRs of the trucks, exceeded 10,000 pounds. Witnesses who may have knowledge of facts related to the information above are identified in Answer to Interrogatory No. 2. **Defendants exercise their right under Rule 33(d) to produce business records from which responsive information can be readily ascertained and refer Plaintiffs to documents identified as responsive to this request in the attached Appendix.**

*Id.* at 9–10 (emphasis added). Plaintiffs found Defendants' response evasive and filed a motion to compel. (Doc. 109). The Court denied Plaintiffs' first motion to compel after holding a status

conference, but ordered Defendants to supplement their discovery responses. (Doc. 113). Thereafter, Plaintiffs noticed Federal Rule of Civil Procedure 30(b)(6) depositions on both Defendants. (Doc. 150 at 3). The parties agreed that the following Topic 10(a) would be discussed, among others, at the depositions:

> [Topic 10(a)] For each PLAINTIFF you claim is not owed overtime because of the Motor Carrier Act exemption / Technical Corrections Act: The workweeks you claim the PLAINTIFF(s) "exclusively" drove, assisted the driver of, loaded, or performed duties that affected the safety of BIG TRUCKS or vehicles requiring placards, including the starting and ending dates of each workweek . . . .

(Doc. 150-4 at 7).

Defendants selected Mr. Morgan as their corporate representative for the depositions. (Doc. 150-5). At Plaintiffs' request, Mr. Morgan's deposition spanned two days. (Doc. 157 at 7). On the Topic 10(a), Mr. Morgan testified:

> Q. So with that understanding that the driver's logs are incomplete, are you able to say that an individual **did not drive a small truck in a particular week in which he also drove a big truck**?
>
> A. As I said earlier, sitting here today discussing Mr. Carrizales, okay, **not without being able to go back and look at his records**.
>
> Q. So to prepare for today's deposition, did you review any records?
>
> A. No, sir, not back to the details of June 2012.
>
> Q. Did you -- well, what documents did you review to prepare?
>
> A. I looked at this document (indicating) looked at the interrogatories.
>
> . . . .
>
> Q. When you read the subject matters and you read 10(a), did you understand that I would be asking the question for which specific

3

weeks for which specific individuals they were driving exclusively big trucks?

A. Yes, sir.

Q. Okay. Did you then go look through the records and put together a listing of which weeks for which specific people they drove exclusively big trucks?

A. No, I did not.

Q. So as we sit here today, are you able to for any of these individuals for the weeks that they worked for you -- or I'm sorry -- for the companies, able to tell me specific weeks in which they exclusively drove big trucks?

    [Objections Omitted]

A. No, sir.

Q. (BY MR. BRAZIEL) Okay.

A. As I've testified, those -- **not without looking at the actual documentation** back to –

    MR. SIEGEL: **I can go print** –

    MR. BRAZIEL: Don't interrupt me.

Q. (BY MR. BRAZIEL) Sorry. Go ahead.

A. That's okay.

. . . .

A. No, sir. I cannot sit here today and tell you that Mr. Carrizales, in June of 2012, what vehicle he drove that week.

Q. (BY MR. BRAZIEL) Is there anything that in your preparation for today's deposition precluded you from reviewing the documents and identifying the weeks that we've asked about here?

A. No, sir, other than mental capacity. I mean, I can't memorize the last three years for 12 employees, what they did every week, no, sir.

Q. Sure. Could you have gone through the documents and written down that information as notes to testify from?

. . . .

A. Yes, sir, I guess I could have. If the documents would have existed for that week and I could have reproduced it, yes, sir, I'm assuming that I could have went ahead and written it down and brought it in here today.

Q. (BY MR. BRAZIEL) Okay. Because I have to go through all of them, not to -- not to upset you or anything, I have to ask about (c) and (d)

(Doc. 157-2 at 9–14). Based upon Mr. Morgan's inability to answer questions regarding Topic 10(a), Plaintiffs move to compel additional testimony from Defendants or alternatively request additional time to respond to Defendants' summary judgment motions or  to strike Defendants' use of evidence to support its Motor Carrier Act defense. (Doc. 150).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b),

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Although the scope of discovery is broad, 'its processes must be kept within workable bounds on a proper and logical basis for the determination of the relevancy of that which is sought to be discovered.'" *Zamora v. GC Services, LP*, EP-15-CV-00048-DCG, 2017 WL 1861843, at *2 (W.D. Tex. Feb. 17, 2017) (quoting *Jones v. Metzger Dairies, Inc.*, 334 F.2d 919, 925 (5th Cir. 1964)). The scope of discovery is within the sound discretion of the trial judge. *Id.*  (citing *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009)).

Federal Rule of Civil Procedure 30(b)(6) enables a named organization to designate an officer, director, managing agent or other person to testify on its behalf. "If the designated 'agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all.'" *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433–34 (5th Cir. 2006) (quoting *Resolution Tr. Corp. v. S. Union Co., Inc.*, 985 F.2d 196, 198 (5th Cir. 1993)). "[T]he deponent 'must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters.'" *Id.* (quoting *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997)). "The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id.* (citing *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996))

## III.   DISCUSSION

The Court will not compel further deposition testimony because Mr. Morgan was prepared to discuss Topic 10(a) at the deposition and compulsion will not benefit Plaintiffs or this case. Mr. Morgan testified that he possessed a working knowledge of the Motor Carrier Act and Technical Corrections Act; understood the definitions of what the parties deemed "big trucks" and "small trucks;" and told Plaintiffs' Counsel that the drivers' logs would indicate whether the Plaintiffs drove big or small trucks. (Doc. 157-2 at 4–6, 8–9).[1] Mr. Morgan then

---

1. "A. If driver's logs had been filled out for that week, the driver's logs would determine whether he drove a big truck that week. . . . .
Q. So if he drove a small truck, your contention is that it should be in the driver's log for that week?
A. That is correct." (Doc. 157-2 at 8–9).

explained the drivers' logs may not be fully accurate because the drivers testified that they did not always fill out the drivers' logs completely. *Id.* at 9. Besides the drivers' logs, Mr. Morgan testified that Defendants did not keep other records that would indicate whether Plaintiffs drove big or small trucks in a specific week. *Id* at 6, 8–9.[2, 3] Accordingly, Defendants' position—as represented by Mr. Morgan—concerning which weeks the discovery Plaintiffs drove big trucks, is the weeks for which the drivers' logs indicate Plaintiffs drove big trucks.

Plaintiffs argue Mr. Morgan's testimony is insufficient:

> Defendants' obligation to ensure that Morgan could provide responses on a subject matter it had known about for over 45 days and did not object to could not be clearer. **He was required to review documents produced in the litigation and provide Defendants' formal position on which weeks the Discovery Plaintiffs exclusively drove Big Trucks**. **Plaintiffs had no idea which documents Morgan might need to make that determination** and **Plaintiffs had no obligation to spend three weeks deposing Morgan going document by document**. Morgan was supposed to do his homework or his counsel was supposed to assist him. **Morgan could have made notes or even a chart of the weeks for each individual exclusively drove a Big Truck**. He could have used those notes under Fed. R. Evid. 612 to refresh his recollection of his review of the records and then testify based on those notes. Doing so did not require him to be superhuman.

(Doc. 172 at 3–4) (emphasis added). Responding in turn, Mr. Morgan did provide Defendants' formal position on which weeks the discovery Plaintiffs drove big trucks—the weeks for which the drivers' logs indicate. Also, Plaintiffs know the documents Mr. Morgan relied on for this determination—the drivers' logs. If Plaintiffs wished to ask further questions about specific logs, they could have presented the logs in Mr. Morgan's two-day deposition.[4] Regarding Plaintiffs'

---

2. "Q. Are you able to identify specific weeks, starting and ending dates of the week, in which any one of the individuals on Exhibit 2 exclusively drove big trucks?
A. No, that documentation was not kept. I mean, to specifically define, no. . . . That they exclusively drove for an entire week, no, I do not have the documentation for that. Those records weren't kept." (Doc. 157-2 at 6).
3. "I do not have records other than DOT logs to verify that or job data sheets that he put the vehicle that he drove on that job data sheet." (Doc. 157-2 at 7).
4. Plaintiffs' Counsel indicated, "I can go print [them]. . . ." (Doc. 157-2).

final point—that Mr. Morgan failed to create notes or charts detailing a week-by-week analysis of the drivers' logs—Plaintiffs provide no authority requiring Mr. Morgan to do so. Overall, a review of the deposition testimony shows that Mr. Morgan was prepared to discuss Topic 10(a)—despite requesting to review the drivers' log to discuss specific weeks and drivers during the deposition.

Even if Mr. Morgan was not prepared, the compulsion of another deposition will not benefit Plaintiffs, as such discovery would be unreasonably cumulative and duplicative. *See.* Fed. R. Civ. Pro. 26. Plaintiffs want to know which weeks Defendants claim Plaintiffs drove big trucks. (Docs. 150, 172). Besides compulsion, Plaintiffs can learn this information in two ways. First, Plaintiffs can review the drivers' logs. Second, Plaintiffs can read Defendants' motions for summary judgment—where Defendants move for summary judgment on the workweeks in which Defendants contend Plaintiffs drove big trucks. (Docs. 143, 144, 145). In other words, Defendants' motions for summary judgment provide the list Plaintiffs desire. Consequently, the information Plaintiffs seek is available without Court intervention or an additional deposition.

## IV.   CONCLUSION

The Court **DENIES** Plaintiffs' Motion to Compel 30(b)(6) Deposition Testimony or, Alternatively, Sanction Defendants by Striking Evidence. (Doc. 150). Mr. Morgan adequately explained Defendants' position and directed Plaintiffs to the drivers' logs on which Defendants base their position. If Plaintiffs desire a specific list of workweeks for which Defendants claim Plaintiffs drove big trucks, Plaintiffs may review the drivers' logs or read Defendants' motions for summary judgment. Accordingly, the compulsion of another deposition and sanctions are not warranted. Regarding Plaintiffs' request for a continuance, Plaintiffs previously filed their responses to Defendants' motions for summary judgments. If Plaintiffs wish to supplement these

responses, they may do so within **three (3) business days** from the date of this Order. The Court finds that Plaintiffs' motion is substantially justified and therefore declines an award of expenses under Federal Rule of Civil Procedure 37(a)(5)(B).

It is so **ORDERED**.

SIGNED this 29th day of June, 2018.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE