# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### MIDLAND DIVISION

| | |
|---|---|
| **JASON SNIVELY, STEPHEN CLARK, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B),** | |
| **Plaintiffs,** | **CIVIL ACTION NO. 7:15-CV-00134-DC** |
| **VERSUS** | |
| **PEAK PRESSURE CONTROL, LLC, AND NINE ENERGY SERVICES, L.L.C.** | |
| **Defendants.** | |

## DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendants, Peak Pressure Control, LLC and Nine Energy Service, LLC ("Defendants" or "Company"), hereby submit the following proposed Findings of Fact and Conclusions of Law. On July 2, 2018, the Court denied Defendants' Motion for Decertification of FLSA § 216(b) Conditionally-Certified Collective Action (Rec. Doc. 190). In that motion, Defendants set forth the factual and legal basis for decertifying this action and explaining why an individualized Plaintiff-by-Plaintiff and week-by-week analysis of the claims, defenses, and issues is necessary. Despite the Court's decision to deny decertification, Defendants maintain that the same individualized analysis is necessary even if this case proceeds as a collective action. Thus, Defendants reiterate that it is impossible to adequately propose or render findings of fact and conclusions of law on a global or collective basis. However, Defendants submit the following to comply with the Court's scheduling order and local rules, and with the caveat that these findings

and conclusions may need to be modified to address claim of Plaintiffs who have opted into the lawsuit but on whom discovery has not been conducted.

## FINDINGS OF FACT

1.      The Company is engaged in the business of providing pressure control services to oil and gas production companies in the completion and workover of well sites in the Permian Basin throughout Texas and New Mexico.

2.      The Company is a motor carrier regulated by the U.S. Department of Transportation ("DOT") operating under USDOT Number 2086221, and has been a registered motor carrier since 2010.

3.      The employees responsible for providing pressure control services to the Company's customers are referred to as pressure control operators and/or field service trainees ("Operators").

4.      All Operators, including all Plaintiffs, could be "reasonably expected" to engage in or to be asked to engage in safety-affecting duties in connection with interstate transport of property in the ordinary course of work at least from time to time as Operators were required or reasonably expected to travel across state lines to provide services to customers, including traveling from Texas into New Mexico.

5.      Operators use or used Ford F-550 or Dodge 5500 trucks for travel on interstate highways and to perform their duties, which include using the trucks to pull gooseneck trailers transporting heavy pressure control equipment to well sites.

6.      As specified by Ford, the gross vehicle weight rating ("GVWR") of the Company's Ford F-550s is either 18,000 pounds or 19,500 pounds, depending on configuration.

7.      As specified by Dodge, the GVWR of the Company's Dodge 5500s is 20,500 pounds.

8.      By the end of 2015, the Company eliminated all Ford F-250s in its fleet and replaced them with Ford F-350s.

9.      As specified by Ford, the GVWR of the Company's Ford F-350s is either 11,200 pounds or 11,500 pounds, depending on configuration.

10.     Therefore, all Dodge 5500, F-550 and F-350 vehicles in Defendants' fleet that were used by Plaintiffs had a GVWR in excess of 10,001 pounds.

11.     "Big trucks" is defined as trucks with a GVWR of 10,001 pounds or greater. "Small trucks" is defined as trucks with a GVWR of less than 10,001 pounds.

12.     The Company gave each of the vehicles in its fleet a unique unit number by which the vehicle could be identified. For a period of time, trucks with a unit number beginning with 5, *e.g.* 5501, were large trucks that included Ford 550s.

13.     Every job performed by the Company required the use of a pressure control package which consisted of several pieces of equipment that were located on a gooseneck, flatbed trailer.

14.     As specified by the trailer manufacturers, each of the trailers in the Company's fleet had a GVWR of at least 10,001 pounds.

15.     Operators sometimes used Ford F-250s to haul equipment in trailers, and, when doing so, the Gross Combined Weight Rating ("GCWR") of the truck and trailer was in excess of 10,001 pounds.

16.     If an operator initiates a job, he goes to location pulling a pressure control package.

17.     The pressure control package, which includes the tools, equipment, material and supplies needed for the job, on a gooseneck trailer was pulled to the job site by Ford 550 or Dodge 5500 trucks driven by operators. The truck and trailer together typically weigh more than 30,000 pounds with a GCWR of much more.

18.     Plaintiff Jose Carrizales exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

19.     Plaintiff William Scott Carter exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

20.     Plaintiff Stephen Clark exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

21.     Plaintiff Ross Costen exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

22.     Plaintiff Oscar Dovalina Sanchez exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

23.     Plaintiff Blaine Everhart exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

24.     Plaintiff Brandon Eylar exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

25.     Plaintiff Benjamin Gomez exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

26.     Plaintiff Evan Keefer exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

27.     Plaintiff Noel Renteria exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

28.     Plaintiff Carlos Rivera exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

29.     Plaintiff Manuel Romo exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

30.     Plaintiff Jose Samano exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

31.     Plaintiff Uriel Sanchez exclusively worked with large trucks during certain workweeks and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

32.     Plaintiff Jason Snively exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

33.     Plaintiff Vincente Torres exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

34.     Plaintiff David Addington exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

35.     Plaintiff Merrick Addington exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

36.     Plaintiff James Andrews exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

37.     Plaintiff Javier Arredondo exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

38.     Plaintiff Tim Bagley exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

39.     Plaintiff Jose Bonilla exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

40.     Plaintiff O'Neil Campbell exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

41.     Plaintiff Cody Carlisle exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

42.     Plaintiff Joshua Carver exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

43.     Plaintiff Patrick Castillo exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

44.     Plaintiff Aldo Cortez exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

45.     Plaintiff Jacob Cowan exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

46.     Plaintiff Charles Cox exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

47.     Plaintiff Jeffery Crist exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

48.     Plaintiff Devin Doggett exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

49.     Plaintiff Donte Dukes exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

50.     Plaintiff Gustave Flores exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

51.     Plaintiff Jeremie Garcia exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

52.    Plaintiff Sean Garrison exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

53.    Plaintiff Michael Gomez exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

54.    Plaintiff Kelci Gonzales exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

55.    Plaintiff Myles Griffard exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

56.    Plaintiff Gregory Hall exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

57.    Plaintiff Adam Herrera exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

58.    Plaintiff Jared Klein exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

59.     Plaintiff Robert Lewis exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

60.     Plaintiff Fernando Martinez exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

61.     Plaintiff Jose Mendoza exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

62.     Plaintiff Osbaldo Mendoza exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

63.     Plaintiff Enrique Mercado exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

64.     Plaintiff Nathaniel Mobley exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

65.     Plaintiff Raul Moreno exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

66.    Plaintiff Federico Munoz exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

67.    Plaintiff Chuck Norrell exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

68.    Plaintiff Clayton Perry, III exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

69.    Plaintiff Daniel Phillips exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

70.    Plaintiff Randy Pool, Jr. exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

71.    Plaintiff Robert Porter, Jr. exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

72.    Plaintiff Juan Rodriguez exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

73.     Plaintiff Manuel Rodriguez exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

74.     Plaintiff Jorge Romero exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

75.     Plaintiff Charlie Saffold exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

76.     Plaintiff Joshua Salazar exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

77.     Plaintiff Stephen Spain exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

78.     Plaintiff Erbey Spencer exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

79.     Plaintiff Jacob Stuckly exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

80.     Plaintiff Kerry Sullivan exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

81.     Plaintiff Tony Thomas exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

82.     Plaintiff James Tippie, Jr. exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

83.     Plaintiff LaDon Titus exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

84.     Plaintiff Johnny Torrez exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

85.     Plaintiff Robert Wallace exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

86.     Plaintiff Jonathan Woodbury exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

87. Plaintiff Elvis Zdionica exclusively worked with large trucks during certain workweeks, and he did not perform any meaningful work for any substantial period of time on any small truck in any workweek.

88. Plaintiff Jose Carrizales received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses in the following calendar year(s): 2012, 2013, and 2014.

89. Plaintiff Jose Carrizales was paid a salary of at least $455.00 during each week of his employment with Defendants.

90. Plaintiff William Scott Carter received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses in the following calendar year(s): 2014 and 2015.

91. Plaintiff William Scott Carter was paid a salary of at least $455.00 during each week of his employment with Defendants.

92. Plaintiff Stephen Clark received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses in the following calendar year(s): 2015

93. Plaintiff Stephen Clark was paid a salary of at least $455.00 during each week of his employment with Defendants.

94. Plaintiff Ross Costen received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses in the following calendar year(s): 2014.

95. Plaintiff Ross Costen was paid a salary of at least $455.00 during each week of his employment with Defendants.

96.     Plaintiff Oscar Dovalina Sanchez received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses in the following calendar year(s): 2013, 2014, 2015, and 2016.

97.     Plaintiff Oscar Dovalina Sanchez was paid a salary of at least $455.00 during each week of his employment with Defendants.

98.     Plaintiff Blaine Everhart received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses in the following calendar year(s): 2014.

99.     Plaintiff Blaine Everhart was paid a salary of at least $455.00 during each week of his employment with Defendants.

100.     Plaintiff Brandon Eylar received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses in the following calendar year(s): 2013 and 2014.

101.     Plaintiff Brandon Eylar was paid a salary of at least $455.00 during each week of his employment with Defendants.

102.     Plaintiff Benjamin Gomez received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses in the following calendar year(s): 2013 and 2014.

103.     Plaintiff Benjamin Gomez was paid a salary of at least $455.00 during each week of his employment with Defendants.

104.     Plaintiff Evan Keefer received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses in the following calendar year(s): 2014, 2015, and 2016.

105.    Plaintiff Evan Keefer was paid a salary of at least $455.00 during each week of his employment with Defendants.

106.    Plaintiff Noel Renteria received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses in the following calendar year(s): 2014.

107.    Plaintiff Noel Renteria was paid a salary of at least $455.00 during each week of his employment with Defendants.

108.    Plaintiff Carlos Rivera received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses in the following calendar year(s): 2014, 2015, and 2016.

109.    Plaintiff Carlos Rivera was paid a salary of at least $455.00 during each week of his employment with Defendants.

110.    Plaintiff Manuel Romo received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses in the following calendar year(s): 2011, 2012, 2013, and 2014.

111.    Plaintiff Manuel Romo was paid a salary of at least $455.00 during each week of his employment with Defendants.

112.    Plaintiff Jose Samano received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses in the following calendar year(s): 2013, 2014, and 2015.

113.    Plaintiff Jose Samano was paid a salary of at least $455.00 during each week of his employment with Defendants.

114.     Plaintiff Uriel Sanchez received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses in the following calendar year(s): 2013, 2014, 2015, and 2016.

115.     Plaintiff Uriel Sanchez was paid a salary of at least $455.00 during each week of his employment with Defendants.

116.     Plaintiff Jason Snively received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses in the following calendar year(s): 2015.

117.     Plaintiff Jason Snively was paid a salary of at least $455.00 during each week of his employment with Defendants.

118.     Plaintiff Vincente Torres received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses in the following calendar year(s): 2015.

119.     Plaintiff Vincente Torres was paid a salary of at least $455.00 during each week of his employment with Defendants.

120.     Plaintiff David Addington received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

121.     Plaintiff David Addington was paid a salary of at least $455.00 during each week of his employment with Defendants.

122.     Plaintiff Merrick Addington received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

123.     Plaintiff Merrick Addington was paid a salary of at least $455.00 during each week of his employment with Defendants.

124.    Plaintiff James Andrews received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

125.    Plaintiff James Andrews was paid a salary of at least $455.00 during each week of his employment with Defendants.

126.    Plaintiff Javier Arredondo received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

127.    Plaintiff Javier Arredondo was paid a salary of at least $455.00 during each week of his employment with Defendants.

128.    Plaintiff Tim Bagley received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

129.    Plaintiff Tim Bagley was paid a salary of at least $455.00 during each week of his employment with Defendants.

130.    Plaintiff Jose Bonilla received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

131.    Plaintiff Jose Bonilla was paid a salary of at least $455.00 during each week of his employment with Defendants.

132.    Plaintiff O'Neil Campbell received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

133.   Plaintiff O'Neil Campbell was paid a salary of at least $455.00 during each week of his employment with Defendants.

134.   Plaintiff Cody Carlisle received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

135.   Plaintiff Cody Carlisle was paid a salary of at least $455.00 during each week of his employment with Defendants.

136.   Plaintiff Joshua Carver received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

137.   Plaintiff Joshua Carver was paid a salary of at least $455.00 during each week of his employment with Defendants.

138.   Plaintiff Patrick Castillo received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

139.   Plaintiff Patrick Castillo was paid a salary of at least $455.00 during each week of his employment with Defendants.

140.   Plaintiff Aldo Cortez received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

141.   Plaintiff Aldo Cortez was paid a salary of at least $455.00 during each week of his employment with Defendants.

142.    Plaintiff Jacob Cowan received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

143.    Plaintiff Jacob Cowan was paid a salary of at least $455.00 during each week of his employment with Defendants.

144.    Plaintiff Charles Cox received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

145.    Plaintiff Charles Cox was paid a salary of at least $455.00 during each week of his employment with Defendants.

146.    Plaintiff Jeffery Crist received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

147.    Plaintiff Jeffery Crist was paid a salary of at least $455.00 during each week of his employment with Defendants.

148.    Plaintiff Devin Doggett received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

149.    Plaintiff Devin Doggett was paid a salary of at least $455.00 during each week of his employment with Defendants.

150.    Plaintiff Donte Dukes received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

151.     Plaintiff Donte Dukes was paid a salary of at least $455.00 during each week of his employment with Defendants.

152.     Plaintiff Gustave Flores received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

153.     Plaintiff Gustave Flores was paid a salary of at least $455.00 during each week of his employment with Defendants.

154.     Plaintiff Jeremie Garcia received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

155.     Plaintiff Jeremie Garcia was paid a salary of at least $455.00 during each week of his employment with Defendants.

156.     Plaintiff Sean Garrison received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

157.     Plaintiff Sean Garrison was paid a salary of at least $455.00 during each week of his employment with Defendants.

158.     Plaintiff Michael Gomez received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

159.     Plaintiff Michael Gomez was paid a salary of at least $455.00 during each week of his employment with Defendants.

160.    Plaintiff Kelci Gomzales received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

161.    Plaintiff Kelci Gonzales was paid a salary of at least $455.00 during each week of his employment with Defendants.

162.    Plaintiff Myles Griffard received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

163.    Plaintiff Myles Griffard was paid a salary of at least $455.00 during each week of his employment with Defendants.

164.    Plaintiff Gregory Hall received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

165.    Plaintiff Gregory Hall was paid a salary of at least $455.00 during each week of his employment with Defendants.

166.    Plaintiff Adam Herrera received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

167.    Plaintiff Adam Herrera was paid a salary of at least $455.00 during each week of his employment with Defendants.

168.    Plaintiff Jared Klein received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

169.    Plaintiff Jared Klein was paid a salary of at least $455.00 during each week of his employment with Defendants.

170.    Plaintiff Robert Lewis received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

171.    Plaintiff Robert Lewis was paid a salary of at least $455.00 during each week of his employment with Defendants.

172.    Plaintiff Fernando Martinez received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

173.    Plaintiff Fernando Martinez was paid a salary of at least $455.00 during each week of his employment with Defendants.

174.    Plaintiff Jose Mendoza received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

175.    Plaintiff Jose Mendoza was paid a salary of at least $455.00 during each week of his employment with Defendants.

176.    Plaintiff Osbaldo Mendoza received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

177.    Plaintiff Osbaldo Mendoza was paid a salary of at least $455.00 during each week of his employment with Defendants.

178.    Plaintiff Enrique Mercado received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

179.    Plaintiff Enrique Mercado was paid a salary of at least $455.00 during each week of his employment with Defendants.

180.    Plaintiff Nathaniel Mobley received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

181.    Plaintiff Nathaniel Mobley was paid a salary of at least $455.00 during each week of his employment with Defendants.

182.    Plaintiff Raul Moreno received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

183.    Plaintiff Raul Moreno was paid a salary of at least $455.00 during each week of his employment with Defendants.

184.    Plaintiff Federico Munoz received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

185.    Plaintiff Federico Munoz was paid a salary of at least $455.00 during each week of his employment with Defendants.

186.    Plaintiff Chuck Norrell received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

187.    Plaintiff Chuck Norrell was paid a salary of at least $455.00 during each week of his employment with Defendants.

188.    Plaintiff Clayton Perry, III received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

189.    Plaintiff Clayton Perry, III was paid a salary of at least $455.00 during each week of his employment with Defendants.

190.    Plaintiff Daniel Phillips received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

191.    Plaintiff Daniel Phillips was paid a salary of at least $455.00 during each week of his employment with Defendants.

192.    Plaintiff Randy Pool, Jr. received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

193.    Plaintiff Randy Pool, Jr. was paid a salary of at least $455.00 during each week of his employment with Defendants.

194.    Plaintiff Robert Porter, Jr. received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

195.    Plaintiff Robert Porter, Jr. was paid a salary of at least $455.00 during each week of his employment with Defendants.

196.    Plaintiff Juan Rodriguez received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

197.    Plaintiff Juan Rodriguez was paid a salary of at least $455.00 during each week of his employment with Defendants.

198.    Plaintiff Manuel Rodriguez received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

199.    Plaintiff Manuel Rodriguez was paid a salary of at least $455.00 during each week of his employment with Defendants.

200.    Plaintiff Jorge Romero received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

201.    Plaintiff Jorge Romero was paid a salary of at least $455.00 during each week of his employment with Defendants.

202.    Plaintiff Charlie Saffold received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

203.    Plaintiff Charlie Saffold was paid a salary of at least $455.00 during each week of his employment with Defendants.

204.    Plaintiff Joshua Salazar received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

205.    Plaintiff Joshua Salazar was paid a salary of at least $455.00 during each week of his employment with Defendants.

206.    Plaintiff Stephen Spain received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

207.    Plaintiff Stephen Spain was paid a salary of at least $455.00 during each week of his employment with Defendants.

208.    Plaintiff Erbey Spencer received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

209.    Plaintiff Erbey Spencer was paid a salary of at least $455.00 during each week of his employment with Defendants.

210.    Plaintiff Jacob Stuckly received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

211.    Plaintiff Jacob Stuckly was paid a salary of at least $455.00 during each week of his employment with Defendants.

212.    Plaintiff Kerry Sullivan received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

213.    Plaintiff Kerry Sullivan was paid a salary of at least $455.00 during each week of his employment with Defendants.

214.    Plaintiff Tony Thomas received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

215.    Plaintiff Tony Thomas was paid a salary of at least $455.00 during each week of his employment with Defendants.

216.    Plaintiff James Tippie, Jr. received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

217.    Plaintiff James Tippie, Jr. was paid a salary of at least $455.00 during each week of his employment with Defendants.

218.    Plaintiff LaDon Titus received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

219.    Plaintiff LaDon Titus was paid a salary of at least $455.00 during each week of his employment with Defendants.

220.    Plaintiff Johnny Torrez received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

221.    Plaintiff Johnny Torrez was paid a salary of at least $455.00 during each week of his employment with Defendants.

222.    Plaintiff Robert Wallace received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

223.    Plaintiff Robert Wallace was paid a salary of at least $455.00 during each week of his employment with Defendants.

224.    Plaintiff Jonathan Woodbury received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

225.    Plaintiff Jonathan Woodbury was paid a salary of at least $455.00 during each week of his employment with Defendants.

226.    Plaintiff Elvis Zdionica received total annualized compensation of at least $100,000 including salary and nondiscretionary bonuses during one or more calendar years during his employment with Defendants.

227.    Plaintiff Elvis Zdionica was paid a salary of at least $455.00 during each week of his employment with Defendants.

228.    Plaintiff Jose Carrizales' primary duty included performing non-manual work, and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

229.    Plaintiff William Scott Carter's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

230.    Plaintiff Stephen Clark's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

231.    Plaintiff Ross Costen's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

232.    Plaintiff Oscar Dovalina Sanchez's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

233.    Plaintiff Blaine Everhart's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

234.    Plaintiff Brandon Eylar's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

235.    Plaintiff Benjamin Gomez's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

236.    Plaintiff Evan Keefer's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

237.    Plaintiff Noel Renteria's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

238.     Plaintiff Carlos Rivera's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

239.     Plaintiff Manuel Romo's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

240.     Plaintiff Jose Samano's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

241.     Plaintiff Uriel Sanchez's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

242.     Plaintiff Jason Snively's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

243.     Plaintiff Vincente Torres's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

244.     Plaintiff David Addington's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

245.     Plaintiff Merrick Addington's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

246.     Plaintiff James Andrews' primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

247.     Plaintiff Javier Arredondo's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

248.     Plaintiff Tim Bagley's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

249.     Plaintiff Jose Bonilla's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

250.     Plaintiff O'Neil Campbell's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

251.     Plaintiff Cody Carlisle's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

252.     Plaintiff Joshua Carver's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

253.     Plaintiff Patrick Castillo's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

254.     Plaintiff Aldo Cortez' primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

255.     Plaintiff Jacob Cowan's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

256.     Plaintiff Charles Cox's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

257.     Plaintiff Jeffery Crist's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

258.     Plaintiff Devin Doggett's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

259.     Plaintiff Donte Dukes' primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

260.     Plaintiff Gustave Flores' primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

261.     Plaintiff Jeremie Garcia's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

262.     Plaintiff Sean Garrison's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

263.     Plaintiff Michael Gomez' primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

264.     Plaintiff Kelci Gonzales' primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

265.     Plaintiff Myles Griffard's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

266.     Plaintiff Gregory Hall's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

267.     Plaintiff Adam Herrera's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

268.     Plaintiff Jared Klein's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

269.     Plaintiff Robert Lewis' primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

270.     Plaintiff Fernando Martinez' primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

271.     Plaintiff Jose Mendoza's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

272.     Plaintiff Osbaldo Mendoza's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

273.     Plaintiff Enrique Mercado's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

274.     Plaintiff Nathaniel Mobley's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

275.     Plaintiff Raul Moreno's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

276.     Plaintiff Federico Munoz' primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

277.     Plaintiff Chuck Norrell's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

278.     Plaintiff Clayton Perry, III's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

279.     Plaintiff Daniel Phillips' primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

280.    Plaintiff Randy Pool, Jr.'s primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

281.    Plaintiff Robert Porter, Jr.'s primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

282.    Plaintiff Juan Rodriguez' primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

283.    Plaintiff Manuel Rodriguez' primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

284.    Plaintiff Jorge Romero's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

285.    Plaintiff Charles Saffold's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

286.    Plaintiff Joshua Salazar's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

287. Plaintiff Stephen Spain's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

288. Plaintiff Erbey Spencer's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

289. Plaintiff Jacob Stuckly's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

290. Plaintiff Kerry Sullivan's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

291. Plaintiff Tony Thomas' primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

292. Plaintiff James Tippie, Jr.'s primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

293. Plaintiff LaDon Titus' primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

294.    Plaintiff Johnny Torrez' primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

295.    Plaintiff Robert Wallace's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

296.    Plaintiff Jonathan Woodbury's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

297.    Plaintiff Elvis Zdionica's primary duty included performing non-manual work and he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

298.    Plaintiff Jose Carrizales' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

299.    Plaintiff William Scott Carter's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

300.    Plaintiff Stephen Clark's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their

customers and included the exercise of discretion and independent judgment with respect to matters of significance.

301.    Plaintiff Ross Costen's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

302.    Plaintiff Oscar Dovalina Sanchez' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

303.    Plaintiff Blaine Everhart's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

304.    Plaintiff Brandon Eylar's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

305.    Plaintiff Benjamin Gomez' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

306.   Plaintiff Evan Keefer's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

307.   Plaintiff Noel Renteria's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

308.   Plaintiff Carlos Rivera's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

309.   Plaintiff Manuel Romo's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

310.   Plaintiff Jose Samano's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

311.   Plaintiff Uriel Sanchez' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their

customers and included the exercise of discretion and independent judgment with respect to matters of significance.

312.    Plaintiff Jason Snively's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

313.    Plaintiff Vincente Torres' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

314.    Plaintiff David Addington's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

315.    Plaintiff Merrick Addington's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

316.    Plaintiff James Andrews' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

317.   Plaintiff Javier Arredondo's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

318.   Plaintiff Tim Bagley's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

319.   Plaintiff Jose Bonilla's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

320.   Plaintiff O'Neil Campbell's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

321.   Plaintiff Cody Carlisle's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

322.   Plaintiff Joshua Carver's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their

customers and included the exercise of discretion and independent judgment with respect to matters of significance.

323.    Plaintiff Patrick Castillo's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

324.    Plaintiff Aldo Cortez' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

325.    Plaintiff Jacob Cowan's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

326.    Plaintiff Charles Cox' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

327.    Plaintiff Jeffery Crist's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

328.    Plaintiff Devin Doggett's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

329.    Plaintiff Donte Dukes' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

330.    Plaintiff Gustave Flores' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

331.    Plaintiff Jeremie Garcia's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

332.    Plaintiff Sean Garrison's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

333.    Plaintiff Michael Gomez' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their

customers and included the exercise of discretion and independent judgment with respect to matters of significance.

334.    Plaintiff Kelci Gonzales' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

335.    Plaintiff Myles Griffard's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

336.    Plaintiff Gregory Hall's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

337.    Plaintiff Adam Herrera's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

338.    Plaintiff Jared Klein's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

339.    Plaintiff Robert Lewis' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

340.    Plaintiff Fernando Martinez' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

341.    Plaintiff Jose Mendoza's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

342.    Plaintiff Osbaldo Mendoza's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

343.    Plaintiff Enrique Mercado's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

344.    Plaintiff Nathaniel Mobley's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their

customers and included the exercise of discretion and independent judgment with respect to matters of significance.

345.    Plaintiff Raul Moreno's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

346.    Plaintiff Federico Munoz' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

347.    Plaintiff Chuck Norrell's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

348.    Plaintiff Clayton Perry, III's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

349.    Plaintiff Daniel Phillips' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

350.    Plaintiff Randy Pool, Jr.'s primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

351.    Plaintiff Robert Porter, Jr.'s primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

352.    Plaintiff Juan Rodriguez' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

353.    Plaintiff Manuel Rodriguez' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

354.    Plaintiff Jorge Romero's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

355.    Plaintiff Charles Saffold's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their

customers and included the exercise of discretion and independent judgment with respect to matters of significance.

356.   Plaintiff Joshua Salazar's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

357.   Plaintiff Stephen Spain's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

358.   Plaintiff Erbey Spencer's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

359.   Plaintiff Jacob Stuckly's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

360.   Plaintiff Kerry Sullivan's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

361.     Plaintiff Tony Thomas' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

362.     Plaintiff James Tippie, Jr.'s primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

363.     Plaintiff LaDon Titus' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

364.     Plaintiff Johnny Torrez' primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

365.     Plaintiff Robert Wallace's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

366.     Plaintiff Jonathan Woodbury's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their

customers and included the exercise of discretion and independent judgment with respect to matters of significance.

367.    Plaintiff Elvis Zdionica's primary duty was the performance of non-manual work directly related to the management or general business operations of Defendants or their customers and included the exercise of discretion and independent judgment with respect to matters of significance.

368.    The Company's workweek was from Sunday to Saturday.

369.    The U.S. Department of Labor ("DOL") has never found Defendants' pay practices to be unlawful.

370.    Prior to the filing of this lawsuit, Defendants had not received any internal complaints regarding the pay practices for pressure control operators.

371.    Defendants' classification of its Operators as exempt was in good faith and based on reasonable grounds that doing so was not in violation of the FLSA, including their reliance on industry standard and their belief that the classification was proper due to exemptions under the MCA, highly compensated and administrative exemptions.

## CONCLUSIONS OF LAW

1.    Courts must interpret the Fair Labor Standards Act ("FLSA"), requiring a "fair reading" of the law. *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142, 200 L. Ed. 2d 433, 2018 U.S. LEXIS 2065, 168 Lab. Cas. (CCH) P36,610, 27 Wage & Hour Cas. (BNA) 1141, 2018 WL 1568025 (2018).

2.    The Motor Carrier Act exemption in § 213(b) of the Fair Labor Standards Act provides that the overtime provisions of 29 U.S.C. § 207 do not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and

maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b)(1).

3.      The Secretary of Transportation has the power to establish qualifications and maximum hours for employees who: (1) are "employed by carriers whose transportation of passengers or property by motor vehicle is subject to his jurisdiction under section 204 of the Motor Carrier Act;" and (2) "engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." 29 C.F.R. § 782.2(a).

4.      The burden of proving exempt status lies with the employer. *Cleveland v. City of Elmendorf*, 388 F.3d 522, 526 (5th Cir. 2004).

5.      The MCA exemption depends upon both the class to which the employer belongs and "the class of work involved in the employee's job." 29 C.F.R. § 782.2(a). The DOT's power of regulation extends to employees, including drivers, driver's helpers, loaders, and mechanics, who engage in or are likely to be called upon to engage in activities "of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the Motor Carrier Act." *Id*.

6.      The MCA exemption applies to each Plaintiff for his work as a pressure control operator and/or field service trainee with Defendants in certain workweeks because:

    a.   each was employed by a carrier whose transportation of passengers or property by motor vehicle is subject to the Secretary's jurisdiction under the MCA;

b.  each engaged in activities of a character that affected transportation safety and that involved the transportation on the public highways of passengers or property in interstate commerce within the meaning of the MCA.

7.      The Company is a motor carrier subject to the Secretary's jurisdiction. The MCA exemption applies to drivers employed by a "motor carrier." *Glanville v. Dupar, Inc.*, 2009 WL 3255292, *4 (S.D. Tex. Sept. 25, 2009).  A "motor carrier," which is defined as "a person providing commercial motor vehicle ... transportation for compensation," 49 U.S.C. § 13102(14), may engage in interstate commerce either by "actually transporting goods across state lines or (by) transporting within a single state goods that are in the flow of interstate commerce." *Barefoot v. Mid-Am. Dairymen, Inc.,*, 1994 WL 57686, at *2 (5th Cir. 1994)(citations omitted). The evidence is undisputed that the Company is a motor carrier regulated by the U.S. Department of Transportation ("DOT") operating under USDOT Number 2086221, and has been a registered motor carrier since 2010.

8.      Each Plaintiff could be "reasonably expected" to engage or to be asked to engage in safety-affecting duties in connection with interstate transport of property "in the ordinary course of his work," at least "from time to time." *Allen*, 846 F. Supp. 2d at 702, citing *Songer*, 618 F.3d at 474; 29 C.F.R. § 782.2(b)(3).

9.      For the purpose of the MCA exemption, a carrier engages in interstate commerce by either actually transporting goods across state lines or transporting within a single state goods that are in the flow of interstate commerce. Each Plaintiff actually traveled and transported property across state lines during his trips from Texas to New Mexico on jobs for Defendants or was reasonably expected to do so. Thus, the character of the duties performed by each Plaintiff demonstrates that the DOT had jurisdiction to regulate him, and the exemption applies.

10.     A plaintiff who contends he is covered by the SAFETEA-LU Technical Corrections Act of 2008, Pub. L. No. 110-244, § 306(a) and (c), 122 Stat. 1572, 1621 (2008) ("TCA") and, thus, entitled to overtime bears the burden of proof on that issue, *Carley v. Crest Pumping Techs., L.L.C.*, 890 F.3d 575 (5th Cir. 2018).

11.     The proper method of determining the weight of vehicles for the purpose of TCA coverage is gross vehicle weight rating ("GVWR") rather than actual weight. *Id*.

12.     "[A]n employee must perform some meaningful work for more than an insubstantial time with vehicles weighing 10,000 pounds or less" to be covered by the TCA. Allen, 846 F. Supp. 2d at 705; see also Lucas v. NOYPI, Inc., Civ. Act. No. H-11-1940, 2012 WL 4754729 (S.D. Tex. Oct. 3, 2012), aff'd, 536 Fed. Appx. 416 (5th Cir. 2013); Vanzzini v. Action Meat Distribs., Inc., 2014 WL 426494 (S.D.Tex. Jan.31, 2014).

13.     Jose Carrizales was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

14.     William Scott Carter was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

15.     Stephen Clark was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

16.     Ross Costen was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

17.     Oscar Dovalina Sanchez was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

18.     Blaine Everhart was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign

commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

19.     Brandon Eylar was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

20.     Benjamin Gomez was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

21.     Evan Keefer was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

22.     Noel Renteria was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the

transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

23.     Carlos Rivera was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

24.     Manuel Romo was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

25.     Jose Samano was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

26.     Uriel Sanchez was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged

in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

27.     Jason Snively was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

28.     Vincente Torres was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

29.     David Addington was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

30.     Merrick Addington was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

31.     James Andrews was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

32.     Javier Arredondo was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

33.     Tim Bagley was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign

commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

34.     Jose Bonilla was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

35.     O'Neil Campbell was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

36.     Cody Carlisle was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

37.     Joshua Carver was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the

transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

38.     Patrick Castillo was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

39.     Aldo Cortez was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

40.     Jacob Cowan was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

41.     Charles Cox was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged

in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

42.     Jeffery Crist was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

43.     Devin Doggett was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

44.     Donte Dukes was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

45.     Gustave Flores was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

46.     Jeremie Garcia was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

47.     Sean Garrison was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

48.     Michael Gomez was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign

commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

49.     Kelci Gonzales was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

50.     Myles Griffard was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

51.     Gregory Hall was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

52.     Adam Herrera was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the

transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

53.     Jared Klein was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

54.     Robert Lewis was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

55.     Fernando Martinez was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

56.     Jose Mendoza was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged

in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

57.     Osbaldo Mendoza was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

58.     Enrique Mercado was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

59.     Nathaniel Mobley was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

60.     Raul Moreno was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

61.     Federico Munoz was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

62.     Chuck Norrell was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

63.     Clayton Perry, III was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign

commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

64.     Daniel Phillips was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

65.     Randy Pool, Jr. was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

66.     Robert Porter, Jr. was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

67.     Juan Rodriguez was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the

transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

68.     Manuel Rodriguez was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

69.     Jorge Romero was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

70.     Charlie Saffold was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

71.     Joshua Salazar was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged

in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

72.     Stephen Spain was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

73.     Erbey Spencer was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

74.     Jacob Stuckly was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

75.     Kerry Sullivan was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

76.     Tony Thomas was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

77.     James Tippie, Jr. was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

78.     LaDon Titus was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign

commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

79.    Johnny Torrez was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

80.    Robert Wallace was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

81.    Jonathan Woodbury was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

82.    Elvis Zdionica was exempt from overtime under the FLSA's MCA exemption because: (1) Defendants are motor carriers subject to the jurisdiction of the DOT; (2) he engaged in activities of a character directly affecting the safety of operation of motor vehicles in the

transportation on the public highways of passengers or property in interstate or foreign commerce; and (3) he was not a covered employee under the TCA during his employment with Defendants.

83.     Jose Carrizales was exempt from overtime under the FLSA's highly compensated employee exemption in 2012, 2013 and 2014 as (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

84.     William Scott Carter was exempt from overtime under the FLSA's highly compensated employee exemption in 2014 and 2015 as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

85.     Stephen Clark was exempt from overtime under the FLSA's highly compensated employee exemption in 2015 as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

86.     Ross Costen was exempt from overtime under the FLSA's highly compensated employee exemption in 2014 as: (1) he was paid a salary of at least $455.00 per week and his

total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

87.     Oscar Dovalina Sanchez was exempt from overtime under the FLSA's highly compensated employee exemption in 2013, 2014, 2015 and 2016 as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

88.     Blaine Everhart was exempt from overtime under the FLSA's highly compensated employee exemption in 2014 as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

89.     Brandon Eylar was exempt from overtime under the FLSA's highly compensated employee exemption in 2013 and 2014 as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

90.     Benjamin Gomez was exempt from overtime under the FLSA's highly compensated employee exemption in 2013 and 2014 as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

91.     Evan Keefer was exempt from overtime under the FLSA's highly compensated employee exemption in 2014, 2015, and 2016 as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

92.     Noel Renteria was exempt from overtime under the FLSA's highly compensated employee exemption in 2014 as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

93.     Carlos Rivera was exempt from overtime under the FLSA's highly compensated employee exemption in 2014, 2015 and 2016 as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he

customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

94.     Manuel Romo was exempt from overtime under the FLSA's highly compensated employee exemption for in 2012, 2013 and 2014 as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

95.     Jose Samano was exempt from overtime under the FLSA's highly compensated employee exemption in 2013, 2014 and 2015 as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

96.     Uriel Sanchez was exempt from overtime under the FLSA's highly compensated employee exemption in 2013, 2014, 2015 and 2016 as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

97.     Jason Snively was exempt from overtime under the FLSA's highly compensated employee exemption in 2015 as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least

$100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

98.     Vincente Torres was exempt from overtime under the FLSA's highly compensated employee exemption in 2015 as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

99.     David Addington was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

100.     Merrick Addington was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

101.     James Andews was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a

salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

102.   Javier Arredondo was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

103.   Tim Bagley was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

104.   Jose Bonilla was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

105.   O'Neil Campbell was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

106.   Cody Carlisle was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

107.   Joshua Carver was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

108.   Patrick Castillo was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing

non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

109.    Aldo Cortez was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

110.    Jacob Cowan was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

111.    Charles Cox was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

112.    Jeffery Crist was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and

nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

113.     Devin Doggett was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

114.     Donte Dukes was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

115.     Gustave Flores was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

116.     Jeremie Garcia was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a

salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

117.    Sean Garrison was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

118.    Michael Gomez was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

119.    Kelci Gonzales was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

120.    Myles Griffard was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

121.    Gregory Hall was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

122.    Adam Herrera was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

123.    Jared Klein was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing

non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

124.    Robert Lewis was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

125.    Fernando Martinez was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

126.    Jose Mendoza was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

127.    Osbaldo Mendoza was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of

salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

128.  Enrique Mercado was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

129.  Nathaniel Mobley was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

130.  Raul Moreno was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

131.  Federico Munoz was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he

was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

132.   Chuck Norrell was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

133.   Clayton Perry, III was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

134.   Daniel Phillips was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

135.   Randy Pool, Jr. was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

136.   Robert Porter, Jr. was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

137.   Juan Rodriguez was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

138.   Manuel Rodriguez was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included

performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

139.    Jorge Romero was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

140.    Charlie Saffold was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

141.    Joshua Salazar was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

142.    Stephen Spain was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and

nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

143.   Erbey Spencer was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

144.   Jacob Stuckly was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

145.   Kerry Sullivan was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

146.   Tony Thomas was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a

salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

147.    James Tippie, Jr. was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

148.    LaDon Titus was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

149.    Johnny Torrez was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

150.    Robert Wallace was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

151.    Jonathan Woodbury was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

152.    Elvis Zdionica was exempt from overtime under the FLSA's highly compensated employee exemption in the years that he was employed by Defendants as: (1) he was paid a salary of at least $455.00 per week and his total annual compensation inclusive of salary and nondiscretionary bonuses was at least $100,000; and (2) his primary duty included performing non-manual work; and (3) he customarily and regularly performed at least one of the exempt duties or responsibilities of an exempt executive or administrative employee.

153.    Jose Carrizales was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers;

and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

154.    William Scott Carter was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

155.    Stephen Clark was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

156.    Ross Costen was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

157.    Oscar Dovalina Sanchez was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work

directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

158.    Blaine Everhart was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

159.    Brandon Eylar was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

160.    Benjamin Gomez was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

161.    Evan Keefer was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than

$455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

162.    Noel Renteria was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

163.    Carlos Rivera was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

164.    Manuel Romo was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

165.     Jose Samano was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

166.     Uriel Sanchez was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

167.     Jason Snively was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

168.     Vincente Torres was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers;

and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

169.    David Addington was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

170.    Merrick Addington was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

171.    James Andrews was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

172.    Javier Arredondo was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to

the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

173.   Tim Bagley was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

174.   Jose Bonilla was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

175.   O'Neil Campbell was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

176.   Cody Carlisle was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than

$455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

177.    Joshua Carver was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

178.    Patrick Castillo was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

179.    Aldo Cortez was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

180.   Jacob Cowan was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

181.   Charles Cox was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

182.   Jeffery Crist was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

183.   Devin Doggett was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers;

and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

184.    Donte Dukes was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

185.    Gustave Flores was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

186.    Jeremie Garcia was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

187.    Sean Garrison was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to

the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

188.    Michael Gomez was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

189.    Kelci Gonzales was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

190.    Myles Griffard was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

191.    Gregory Hall was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than

$455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

192.    Adam Herrera was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

193.    Jared Klein was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

194.    Robert Lewis was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

195.    Fernando Martinez was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

196.    Jose Mendoza was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

197.    Osbaldo Mendoza was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

198.    Enrique Mercado was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers;

and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

199.    Nathaniel Mobley was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

200.    Raul Moreno was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

201.    Federico Munoz was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

202.    Chuck Norrell was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to

the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

203.    Clayton Perry, III was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

204.    Daniel Phillips was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

205.    Randy Pool, Jr. was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

206.    Robert Porter, Jr. was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than

$455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

207.    Juan Rodriguez was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

208.    Manuel Rodriguez was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

209.    Jorge Romero was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

210.    Charlie Saffold was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

211.    Joshua Salazar was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

212.    Stephen Spain was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

213.    Erbey Spencer was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers;

and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

214.    Jacob Stuckly was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

215.    Kerry Sullivan was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

216.    Tony Thomas was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

217.    James Tippie, Jr. was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to

the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

218.    LaDon Titus was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

219.    Johnny Torrez was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

220.    Robert Wallace was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

221.    Jonathan Woodbury was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than

$455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

222.   Elvis Zdionica was exempt from overtime under the FLSA's administrative employee exemption because: (1) he was compensated on a salary basis at a rate not less than $455 per week; (2) his primary duty was the performance of non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) his primary duty included the exercise of discretion and independent judgment with respect to matters of significance.

223.   The FLSA provides for liquidated damages in an amount equal to the back wages awarded. 29 U.S.C. §216(b). However, under Section 11 of the Portal-to-Portal Act ("Section 11"), the Court has discretion not to award any liquidated damages or to award a lesser amount if "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not in violation of the [FLSA]…" 29 U.S.C. §260. *Singer v. City of Waco, Tex.*, 324 F.3d 813, 822-823 (5th Cir. 2003).[1]

224.   The employer must prove to "the satisfaction of the trial court that its acts giving rise to the suit are both in good faith and reasonable." *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407 (5th Cir. 1407, 1415); *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468 (5th Cir. 1979)("the employer has the burden of persuading the court by proof that his failure to obey the

---

[1] As Defendants maintain that the Court should enter Judgment in favor of Defendants, Defendants contend that Conclusions of Law pertaining to good faith and willfulness are not necessary. Defendants submit Proposed Conclusions of Law Nos. 61- 68 solely in the event that the Court enters Judgment in favor of one or more of the Plaintiffs.

statute was both in good faith and predicated upon ... reasonable grounds"). *See also, Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2nd Cir. 1999)(the employer must prove it "acted in subjective good faith" and "had objectively reasonable grounds for believing that the acts or omissions giving rise to the failure [to pay overtime] did not violate the FLSA").

225.    "An employer can satisfy the 'reasonable grounds' element to excuse it from liquidated damages if the employer acted under a reasonable belief that its acts conformed with the law." *Allen v. Coil Tubing Servs., L.L.C.*, 846 F. Supp 2d 678, 714 (S.D. Tex 2012 ). *citing Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 & n. 34 (5th Cir. 1999).

226.    The ambiguity of the regulations and the closeness of the question may also be considered by the Court in determining whether to impose liquidated damages. *Brantley v. Inspectorate America Corp.*, 821 F. Supp. 2d 879, 895 (S.D. Tex 2011.)

227.    The factual findings here are sufficient for the Court to conclude that Defendants acted in subjective good faith and had objectively reasonable grounds for classifying Plaintiffs' positions as exempt. As such, Plaintiffs are not entitled to any liquidated damages.

228.    It is the plaintiff's burden to establish that the defendant's conduct was willful. *Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 F. App'x 349, 360 (5th Cir. 2015) (citing *Brookshire Grocery Co.*, 919 F.2d at 356).

229.    The U.S. Supreme Court held that the standard for willfulness under the FLSA is whether "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *see also Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001) ("Generally, a plaintiff suing under the FLSA carries the burden of proving all elements of his or her claim.")

230.    The factual findings are insufficient for the Court to conclude that Defendants acted willfully in classifying Peak's pressure control operators as exempt. As a result, the Court finds the general two-year statute of limitations applicable to claims under the FLSA applies to all Plaintiffs claims herein, and any claims outside of that statute of limitations as applicable to each individual Plaintiff's claims are time-barred.

Respectfully submitted,

*/s/ Christopher S. Mann*
Christopher S. Mann
(TX Bar No. 24061563)
Christine M. White
(TX Bar No. 24068713)
Jason A. Culotta
(Federal ID No. 2859054)
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8332
Facsimile: (504) 589-8332
E-Mail: cmann@joneswalker.com
E-Mail: cwhite@joneswalker.com
E-Mail: jculotta@joneswalker.com
and

Jennifer L. Anderson
(TX Bar No. 24047796)
Jones Walker LLP
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, Louisiana 70809
Telephone: (225) 248-2040
Facsimile: (225) 248-3040
E-Mail: janderson@joneswalker.com

and

Stephanie M. Gilliam
(TX Bar No. 24083071)
Jones Walker LLP
811 Main St., Ste 2900
Houston, Texas 77002
Telephone: (713) 437-1872
Facsimile: (713) 437-1912
E-Mail: sgilliam@joneswalker.com

***Attorneys for Defendants, Peak Pressure
Control, LLC and Nine Energy Service, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2018 a copy of the foregoing was filed electronically using the Court's CM/ECF system and served in accordance with the Federal Rules of Civil Procedure. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

*/s/ Christopher S. Mann*
Christopher S. Mann