UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| JASON SNIVELY, STEPHEN CLARK, § <br> and all others similarly situated; § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> PEAK PRESSURE CONTROL, LLC, § <br> and  NINE ENERGY SERVICES, LLC, § <br> *Defendants*. § | No.  MO:15-CV-00134-DC |

### ORDER DENYING THE PARTIES' SUMMARY JUDGMENTS AND EVIDENTIARY MOTIONS REGARDING THE ISSUE OF WILLFULNESS

BEFORE THE COURT are the following Motions filed by Plaintiffs Jason Snively and Stephen Clark, individually and on behalf of all others similarly situated, and Defendants Peak Pressure Control, LLC (Peak) and Nine Energy Services, LLC (Nine):

- Defendants' Motion for Partial Summary Judgment on the Issue of Willfulness and Incorporated Memorandum in Support (Doc. 149);

- Plaintiffs' Motion for Partial Summary Judgment on Good Faith and Willfulness (Doc. 152);

- Defendants' Motion to Strike Incompetent Evidence Offered by Plaintiffs in Support of Their Motion for Partial Summary Judgment on Good Faith and Willfulness (Doc. 165);

- Plaintiffs' Opposed Request for Judicial Notice (Doc. 182); and

- Plaintiffs' Opposed Request for Judicial Notice of Court Filings (Doc. 185).[1]

After due consideration, the Court **DENIES** the parties' motions. (Docs. 149, 152, 165, 182, 185).

### I.    FACTUAL BACKGROUND

Plaintiffs filed this case on August 26, 2015, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et. seq.* (Doc. 1). Plaintiffs are pressure control

---
1. The Court does not consider any *ad hominem* arguments asserted by counsel against opposing counsel.

operators (PCOs) who claim they did not receive overtime for hours worked in excess of 40 hours in a workweek. (Doc. 85 ¶ 1). Defendants are a company engaged in the business of providing pressure control services to oil and gas production companies at well sites in the Permian Basin throughout Texas and New Mexico. (Doc. 143 ¶ 1). On February 29, 2016, the Court conditionally certified the following class: "All pressure control operators who were employed by Nine Energy Services, LLC or Peak Pressure Control, LLC from August 26, 2012, to the present who were paid in whole or in part on a salary basis." (Doc. 56).

On May 1, 2018, the parties filed seven motions for summary judgment, a motion for decertification, and a motion to compel deposition testimony. (Docs. 143, 144, 145, 146, 148, 149, 150, 151, 152). Subsequently, the parties filed a motion to strike evidence and two motions requesting the Court take judicial notice of certain evidence. (Docs. 165, 182, 185). This order specifically addresses the parties' motions related to the issues of good faith and willfulness. (Docs. 149, 152, 165, 182, 185).

On May 1, 2018, Defendants filed their Motion for Partial Summary Judgment on the Issue of Willfulness. (Doc. 149). Defendants contend there is no genuine issue of material fact indicating that Defendants willfully violated the FLSA. *Id.* at 1. Accordingly, Defendants argue a two-year statute of limitations applies in this case, and the Court should grant summary judgment on all of Plaintiffs' claims arising before August 26, 2013—two years before the date Plaintiffs filed the Complaint. *Id.* The parties filed a response and reply to Defendants' motion for summary judgment. (Docs. 160, 170).

Also on May 1, 2018, Plaintiffs filed their Motion for Partial Summary Judgment on Good Faith and Willfulness. (Doc. 152). Plaintiffs argue:

> Here there is no genuine issue of material fact that would allow a
> jury to avoid the conclusion that Defendants' violation of the

> [FLSA] was not willful because Defendants ignored and, in fact, defied their duty to inquire after being repeatedly notified of investigations and lawsuits involving challenges to the Nine Companies' nearly company-wide policy of misclassifying oilfield workers as exempt and paying them on a salary plus bonus basis . . . .

*Id.* at 5. Relevant to subsequent filings, Plaintiffs contend that Defendant Nine knew of the FLSA's requirements as a result of 16 lawsuits challenging Nine's policy of classifying oilfield workers as exempt employees and a Department of Labor (DOL) audit. *Id.* The parties filed a response and reply to Plaintiffs' motion for summary judgment. (Docs. 164, 177).

On May 22, 2018, Defendants filed their motion to strike evidence. (Doc. 165). Defendants argue the Court should strike Plaintiffs' references to litigation and the DOL audit. *Id.* at 4–6. Specifically, Defendants contend Plaintiffs' evidence is misleading and irrelevant. *Id.* Defendants also argue the Court should strike Plaintiffs' arguments based on Bruce Morgan's testimony—one of Defendants' corporate representatives—because Plaintiffs misrepresent Morgan's testimony. *Id.* at 6–7. Finally, Defendants move to strike six "unsupported, inflammatory arguments of [Plaintiffs' Counsel] . . . ." *Id.* at 7–11. The parties filed a response and reply to Defendants' motion to strike. (Docs. 164, 177).

In response to the motion to strike, Plaintiffs filed two motions requesting the Court take judicial notice of certain evidence. (Docs. 182, 185). In its first motion for judicial notice, Plaintiffs request the Court take Judicial Notice of the following:

- Defendant Nine's 10-k from 2017;

- Transcript of Good Faith Defense hearing for David Crombie from *Carley v. Crest Pumping Techs., LLC*, No. MO:15-CV-161-DC (W.D. Tex. Oct. 31, 2016);

- DOL Enforcement Data pertaining to Beckman Production Services, Inc.;

3

- DOL Enforcement Data pertaining to Defendant Nine;

- Plaintiff's Motion for Summary Judgment filed in *Dooley v. Nine Energy Services, LLC*, No. 4:15-CV-1116 (S.D. Tex. Nov. 3, 2016);

- Defendant Nine's Motion to Dismiss & Compel Arbitration filed in *Patterson v. Nine Energy Services, LLC*, No. 2:17-CV-1116 (Dec. 16, 2017);

- DOL Audit Report dated April 22, 2014, and filed in *Dooley*;

- Deposition of Nine's Corporate Representative, Matt Burk, dated April 16, 2016, and filed in *Cornell v. Nine Energy Service, LLC*, No. 4:15-CV-2433 (S.D. Tex. Nov. 3, 2016);

- Fleet records produced by Defendant Nine in *Dooley*; and

- Fleet records produced by Defendant Nine in *Dooley*.

(Doc. 182 at 3–4). Defendants respond that judicial notice will not cure the evidentiary deficiencies of the documents identified in their motion to strike. (Doc. 183 at 2).

Inexplicably, Plaintiffs filed another motion requesting the Court take judicial notice of facts and documents not contained in its first motion for judicial notice. (Doc. 185). In its second motion, Plaintiffs request the Court take judicial notice of the following facts:

- A lawsuit was filed by Javier Andres Lopez, a former Nine oilfield worker, alleging violations of the FLSA on November 13, 2015, and alleged Nine violated the FLSA by misclassifying him as exempt and failing to pay him overtime pay.

- A lawsuit was filed by William West, a former Nine oilfield worker, alleging violations of the FLSA on June 22, 2016, and Mr. West alleged Nine violated the FLSA by misclassifying him as exempt and failing to pay him overtime pay.

- A lawsuit was filed by James Patterson, a former Nine oilfield worker, alleging violations of the New Mexico Minimum Wage Act (NMMWA) on November 13, 2017, and that Mr. Patterson alleged Nine violated the NMMWA by misclassifying him as exempt and failing to pay overtime pay.

4

- A lawsuit was filed by Ronald Webber, a former Nine oilfield worker, alleging violations of the FLSA on May 8, 2015, and Mr. Webber alleged Nine violated the FLSA by misclassifying him as exempt and failing to pay him overtime pay. An answer was filed by Nine on July 27, 2015, alleging the FLSA's Executive, Administrative, Professional, Highly Compensated and Motor Carrier Act exemptions as affirmative defenses to Mr. Morley's claims.

- A lawsuit was filed by Daniel Simpson and David Tyson, former Nine oilfield workers, alleging violations of the FLSA on March 29, 2016, and that Mr. Simpson and that Mr. Tyson alleged Nine violated the FLSA by misclassifying them as exempt and failing to pay overtime pay.

- A lawsuit was filed by Tyson Dooley, a former Nine oilfield worker, alleging violations of the FLSA on August 24, 2015, and Mr. Dooley alleged that Nine violated the FLSA by misclassifying him as exempt from the FLSA and failing to pay overtime pay.

- A lawsuit was filed by Greyling Rodriguez, a former Nine oilfield worker, alleging violations of the FLSA on October 17, 2017, and Mr. Rodriguez alleged that Nine violated the FLSA by misclassifying him as exempt and failing to pay overtime pay.

- A lawsuit was filed by Russell Cornell, a former Nine oilfield worker, alleging violations of the FLSA on March 9, 2015, and that Mr. Cornell alleged that Nine violated the FLSA by misclassifying him as exempt and failing to pay overtime pay. An answer was filed by Nine on April 13, 2015, alleging the FLSA's Executive, Administrative, Professional, Highly Compensated and/or Motor Carrier Act as affirmative defenses to Mr. Cornell's claims.

- A lawsuit was filed by John Morley, a former Nine oilfield worker, alleging violations of the FLSA on June 25, 2015, and Mr. Morley alleged that Nine violated the FLSA by misclassifying him as exempt and failing to pay overtime pay. An answer was filed by Nine on July 27, 2015, alleging the FLSA's Executive, Administrative, Professional, Highly Compensated and Motor Carrier Act exemptions as affirmative defenses to Mr. Morley's claims.

- A lawsuit was filed by William M. Turner III, a former Nine oilfield worker, alleging violations of the FLSA on December 18, 2015, and Mr. Turner alleged that Nine violated the FLSA by misclassifying him as exempt and failing to pay overtime pay.

- A lawsuit was filed by Jacob Rodriguez, a former Nine oilfield worker, alleging violations of the NMMWA on May 23, 2017, and that Mr. Rodriguez alleged that Nine violated the NMMWA by misclassifying him as exempt and failing to pay overtime pay.

- A lawsuit was filed by Chad Sams, a former Nine oilfield worker, alleging violations of the NMMWA on June 7, 2016, and Mr. Sams alleged that Nine violated the NMMWA by misclassifying him as exempt and failing to pay him overtime pay.

- A lawsuit was filed by Angelic Herring, a former Nine oilfield worker, alleging violations of the FLSA on November 2, 2015, and Mr. Angelic alleged Nine violated the FLSA by misclassifying him as exempt and failing to pay him overtime pay.

(Doc. 185 at 1–2). Plaintiffs also request the Court take judicial notice of twelve lawsuits filed against Defendant Nine. *Id.* at 2–3 (citations omitted). Plaintiffs further ask the Court to take notice of the answers filed in three lawsuits. *Id.* at 3. Defendants respond that these lawsuits are different from the current suit and Plaintiffs go beyond a recitation of the facts of which Plaintiffs ask the Court to take notice. (Doc. 192).

## II. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury

or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the nonmoving party. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence, or evaluate the credibility of witnesses. *Id.* As a general matter, competent evidence provided by the nonmovant is to be accepted and credited. *Davis v. Fernandez*, 798 F.3d 290, 292 (5th Cir. 2015).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The admissibility of summary judgment evidence is subject to the same rules of admissibility applicable to a trial. *Resolution Tr. Corp. v. Starkey*, 41 F.3d 1018, 1024 (5th Cir. 1995) (citing *Munoz v. Int'l All. of Theatrical Stage Emps. etc.*, 563 F.2d 205, 297 n.1 (5th Cir. 1977)).

### B. Judicial Notice

Federal Rule of Evidence 201 allows a court to take judicial notice of an "adjudicative fact" if the fact is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See also Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998). A court may take judicial notice of "a document filed in another court . . . to establish the fact of such litigation and related filings," but generally cannot take notice of the findings of fact from other proceedings because those facts are usually disputed and almost always disputable. *Ferguson v. Extraco Mortg. Co.*, 264 F. App'x. 351, 352 (5th Cir. 2007). Under Rule 201, judicial notice is discretionary by the district court, unless a party requests it and the court is supplied with the necessary information. *Id.* (citing Fed. R. Evid. 201(c) & (d)).

### C. Good Faith and Willfulness

The FLSA imposes a two-year statute of limitations. 29 U.S.C. § 255(a). The statute of limitations is extended to three years for willful violations of the FLSA. *Id.*; *see also Ramos v. Al-Bataineh*, 599 F. App'x. 548, 551 (5th Cir. 2015). Whether the employer committed a willful violation of the FLSA is a question of fact. *Steele v. Leasing Enters., Ltd.*, 826 F.3d 237, 248 (5th Cir. 2016). The burden of showing that an FLSA violation was "willful" falls on the plaintiffs. *Stokes v. BWXT Pantex, L.L.C.*, 424 F. App'x. 324, 326 (5th Cir. 2011) (citations omitted). To prove a willful violation, the plaintiff must establish that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute." *Ramos*, 599 F. App'x. at 551 (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). "Mere knowledge of the FLSA and its potential applicability does not suffice, nor does conduct that is

8

merely negligent or unreasonable." *Zannikos v. Oil Inspections (U.S.A.), Inc.*, 605 F. App'x. 349, 360 (5th Cir. 2015) (citations omitted). An employer who acts without a reasonable basis for believing that it was complying with the FLSA or who fails to seek legal advice regarding its payment practices is merely negligent. *Id.* (citing *McLaughlin*, 486 U.S. at 134–35; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990)).

### III.  DISCUSSION

Defendants move for summary judgment on the issue of good faith and willfulness arguing Plaintiffs cannot present any evidence that Defendants knew its pay practices violated the FLSA. (Doc. 149 at 7). Plaintiffs move for summary judgment on the issue of good faith and willfulness contending there is no genuine issue of material fact that would allow a jury to avoid the conclusion that Defendants willfully violated the FLSA. (Doc. 152 at 5). Reviewing the parties' cited and disputed evidence demonstrates to the Court that a genuine issue of material fact exists as to whether Defendants willfully violated the FLSA. Therefore, the Court must **DENY** the parties' motions for summary judgment. (Docs. 149, 152).

### A. Placing the Cart Before the Horse

Plaintiffs ask the Court to grant summary judgment in their favor finding that Defendants willfully violated the FLSA. (Doc. 152). Defendants note, "Plaintiffs are putting the proverbial cart before the horse in asking the Court to make a willfulness determination before they have put on any evidence that Defendants actually violated the FLSA with regard to any Plaintiff." (Doc. 164 at 11) (citing *Simpson v. Nine Energy Servs., L.L.C.*, No. H-16-836, 2017 U.S. Dist. LEXIS 30841, at *7 (S.D. Tex. 2017) ("An employer cannot willfully violate a statute without violating the statute in the first place."). The Court agrees. Plaintiffs only move for summary judgment on the questions of willfulness and other affirmative defenses, not on their general

FLSA claims. (*See* Docs. 148, 151, 152). The Court cannot grant summary judgment finding Defendants willfully violated the FLSA without first finding that Defendants violated the FLSA. Accordingly, the Court **DENIES** Plaintiffs' motion for summary judgment. (Doc. 152).[2]

### B. Fact Questions

Although the Court cannot grant summary judgment for Plaintiffs, it can determine whether there is a genuine issue of material fact that would give rise to a willfulness question at trial. Reviewing the parties' motions for summary judgment, motion to strike, motions for judicial notice, and the associated responses and replies, it is clear that there is a fact question on the issue of willfulness.

Addressing the first issue, Plaintiffs cite sixteen cases involving FLSA violations alleged against Defendant Nine or other closely associated entities. (Doc. 156 at 12–15). Defendants claim the lawsuits are irrelevant because they involved different legal issues and the existence of a lawsuit does not equate or indicate an FLSA violation. (Doc. 164 at 7–8). However, at least some district courts within the Fifth Circuit find that prior litigation can support a finding of willfulness. *Sealey v. EmCare, Inc.*, 2:11-CV-00120, 2013 WL 164040, at *3 (S.D. Tex. Jan. 14, 2013); *Villegas v. Dependable Const. Servs., Inc.*, CIV. 4:07-CV-2165, 2008 WL 5137321, at *27 (S.D. Tex. Dec. 8, 2008). At the very least, the existence of these previous suits raises a fact question regarding whether Defendants willfully violated the FLSA—if it violated the FLSA at all. Further, the Court would prefer the benefit of trial to determine whether Plaintiffs' cited lawsuits are similar to the one before the Court.

Examining the remainder of the parties' arguments, the Court finds similar issues. The parties do not dispute the law, or how the law is applied to the facts, but how the Court should

---

2. Even if Plaintiffs moved for summary judgment on their FLSA claims, due to the Court's previous rulings—finding fact questions precluding summary judgment at this stage—the Court could not grant summary judgment on Plaintiffs' FLSA claims.

interpret the facts and whether such facts are relevant to the issues at hand—i.e.: whether the DOL audit shows Defendants willfully violated or complied with the FLSA; whether Defendants "hoodwinked" the DOL; how to interpret the testimony of Mr. Morgan; and whether the steps taken by Defendants in response to previous litigation and the DOL audit show a willful violation or compliance with the FLSA. (*See* Docs. 149, 152, 160, 164, 170, 177). At the summary judgment stage, the Court cannot weigh the evidence; it can only determine whether a genuine issue of fact exists. *Caboni*, 278 F.3d at 451. Accordingly, the Court must deny the motions because it finds a genuine issue for trial in the evidence before the Court.

## IV.  CONCLUSION

Reviewing the parties' motions for summary judgment, the Court finds there is a genuine issue of material fact regarding whether Defendants willfully violated the FLSA. Accordingly, the Court **DENIES** the parties' motions for summary judgment relating to the issue of good faith and willfulness. (Docs. 149, 152).

The Court will address the parties' evidentiary objections and motions for judicial notice related to their motions for summary judgment at trial if the issues arise. Accordingly, the Court **DENIES** the following motions as **MOOT**:

- Defendants' Motion to Strike Incompetent Evidence Offered by Plaintiffs in Support of Their Motion for Partial Summary Judgment on Good Faith and Willfulness (Doc. 165);

- Plaintiffs' Opposed Request for Judicial Notice (Doc. 182); and

- Plaintiffs' Opposed Request for Judicial Notice of Court Filings (Doc. 185).

It is so **ORDERED**.

SIGNED this 9th day of July, 2018.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE