# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **JASON SNIVELY, STEPHEN CLARK,** | § | |
| **and all others similarly situated;** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **No.  MO:15-CV-00134-DC** |
| | § | |
| **PEAK PRESSURE CONTROL, LLC,** | § | |
| **and  NINE ENERGY SERVICES, LLC,** | § | |
| *Defendants*. | § | |

## ORDER DENYING THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT CONCERNING THE MOTOR CARRIER ACT AND TECHNICAL CORRECTIONS ACT

BEFORE THE COURT are the following Motions filed by Plaintiffs Jason Snively and Stephen Clark, individually and on behalf of all others similarly situated, and Defendants Peak Pressure Control, LLC and Nine Energy Services, LLC:

- Defendants' Motion for Partial Summary Judgment on Liability Claim of Plaintiff William Scott Carter and Incorporated Memorandum in Support (Doc. 143);

- Defendants' Motion for Partial Summary Judgment on Liability Claim of Plaintiff Carlos Alberto Rivera and Incorporated Memorandum in Support (Doc. 144);

- Defendants' Motion for Partial Summary Judgment on Liability Claim of Plaintiff Uriel Olivas Sanchez and Incorporated Memorandum in Support (Doc. 145);[1] and

- Plaintiffs' Motion for Partial Summary Judgment on Defendants' Motor Carrier Act Exemption Affirmative Defense (Doc. 151).

After due consideration, the Court finds genuine issues of material fact relating to the Motor Carrier Act (MCA) and the Technical Corrections Act (TCA) and therefore **DENIES** the parties' motions for summary judgment. (Docs. 143, 144, 145, 151).

---

1. Docket Entries 143, 144, and 145 are collectively referred to as "Defendants' motions for summary judgment" throughout this Order.

# I.   FACTUAL BACKGROUND

Plaintiffs filed this case on August 26, 2015, alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et. seq.* (Doc. 1). Plaintiffs are pressure control operators (PCOs) who claim they did not receive overtime compensnation for hours worked in excess of 40 hours in a workweek. (Doc. 85 ¶ 1). Defendants are a company engaged in the business of providing pressure control services to oil and gas production companies at well sites in the Permian Basin throughout Texas and New Mexico. (Doc. 143 ¶ 1). On February 29, 2016, the Court conditionally certified the following class: "All pressure control operators who were employed by Nine Energy Services, LLC or Peak Pressure Control, LLC from August 26, 2012, to the present who were paid in whole or in part on a salary basis." (Doc. 56).

On May 1, 2018, the parties filed seven motions for summary judgment, a motion for decertification, and a motion to compel deposition testimony. (Docs. 143, 144, 145, 146, 148, 149, 150, 151, 152). Subsequently, the parties filed a motion to strike evidence and two motions requesting the Court take judicial notice of certain evidence. (Docs. 165, 182, 185). This order specifically addresses the parties' summary judgments related to the MCA and TCA. (Docs. 143, 144, 145, 151).

Defendants move for partial summary judgment contending there is no genuine issue of material fact that Plaintiffs Carter, Rivera, and Sanchez are exempt from the FLSA under the MCA. (Docs. 143 at 7–10; 144 at 8–11; 145 at 7–10). Defendants also argue the TCA does not apply to Plaintiffs Carter, Rivera, and Sanchez. (Docs. 143 at 10–14; 144 at 11–15; 145 at 10–15). Specifically, Defendants cite drivers' logs to demonstrate that the three Plaintiffs did not work overtime or exclusively operated exempt vehicles during certain workweeks. (Docs. 143 at

12–14; 144 at 13–15; 145 at 12–15).[2] The parties filed responses and replies to Defendants' motions for summary judgment. (Docs. 166, 167, 169, 174, 175, 176).

Simultaneously, Plaintiffs move for summary judgment arguing there is no genuine issue of material fact that the MCA exemption applies to any Plaintiff. (Doc. 151). Plaintiffs posit it is Defendants' burden to show that Plaintiffs exclusively drove exempt vehicles during their employment and Defendants cannot produce evidence to satisfy this burden. *Id.* The parties filed a response and reply to Plaintiffs' motion for summary judgment. (Docs. 163, 178).

## II.   LEGAL STANDARD

### A.  Summary Judgment

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52. In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and drawing all justifiable inferences in favor of the nonmoving party. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). The Court may not weigh the evidence, or evaluate the credibility of witnesses. *Id.*

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden

---

2. Exempt vehicles are vehicles weighing over 10,001 pounds, which the parties refer to as "big trucks."  Non-exempt vehicles are vehicles weighing 10,000 pounds of less, which the parties refer to as "small trucks."

shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The admissibility of summary judgment evidence is subject to the same rules of admissibility applicable to a trial. *Resolution Tr. Corp. v. Starkey*, 41 F.3d 1018, 1024 (5th Cir. 1995) (citing *Munoz v. Int'l All. of Theatrical Stage Emps. etc.*, 563 F.2d 205, 297 n.1 (5th Cir. 1977)).

**B. The MCA – the Exemption**

The FLSA requires an employer to pay overtime compensation to employees working more than 40 hours a week, subject to certain statutory exemptions. 29 U.S.C. § 207(a)(1); 29 U.S.C. § 213(a)–(b). Courts give FLSA exemptions "a fair reading." *Encino Motorcars, LLC v. Navarro*, ___ U.S. ___, 138 S. Ct. 1134, 1142 (2018). The burden of proving exempt status lies with the employer. *Ramos v. Capitan Corp.*, MO:16-CV-00075-RAJ-DC, 2017 WL 3712345, at *3 (W.D. Tex. July 7, 2017) (citing *Cleveland v. City of Elmendorf*, 388 F.3d 522, 526 (5th Cir. 2004)). The decision of whether an employee is exempt from the FLSA's overtime compensation provisions is primarily a question of fact. *Lott v. Howard Wilson Chrysler-Plymouth, Inc.*, 203 F.3d 326, 330 (5th Cir. 2000). However, the ultimate decision of whether the employee is exempt from the FLSA's overtime compensation provisions is a question of law. *Id.*

"The MCA exemption to FLSA overtime requirements appears at 29 U.S.C. § 213(b)(1), which exempts employees subject to Secretary of Transportation [(Secretary)] standards from overtime compensation." *Carley v. Crest Pumping Techs., L.L.C.*, 890 F.3d 575, 579 (5th Cir. 2018). "The Supreme Court has reasoned that the purpose of the MCA exemption was primarily to ensure that operators of vehicles affecting highway safety were regulated by an entity with a greater understanding of the particular safety concerns." *Id.* (citing *Morris v. McComb*, 332 U.S. 422, 436 (1947)).

Specifically, the exemption reads, "The provisions of section 207 of this title shall not apply with respect to--(1) any employee with respect to whom the [Secretary] has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49 . . . ." 29 U.S.C. § 213(b)(1). The power of the Secretary to establish maximum hours and qualifications extends to those classes of employees and those only who:

> (1) are employed by carriers whose transportation of passengers or property by motor vehicle is subject to his jurisdiction under section 204 of the [MCA] . . . and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the [MCA].

29 C.F.R. § 782.2(a); *Gomez v. Loomis Armored US, LLC*, 5:16-CV-931-DAE, 2017 WL 7052254, at *3 (W.D. Tex. Oct. 26, 2017); *see also* 49 U.S.C. § 31502. "For the motor carrier exemption to apply . . . [the employees] must meet both of these requirements." *Allen v. Coil Tubing Servs., L.L.C.*, 755 F.3d 279, 283 (5th Cir. 2014) (quoting *Barefoot v. Mid-Am. Dairymen, Inc.*, 16 F.3d 1216 (5th Cir. 1994)).[3]

---

3. Under these provisions, motor vehicle means a "vehicle, machine, tractor, trailer, or semitrailer propelled or drawn by mechanical power and used on a highway in transportation, or a combination determined by the Secretary." 49 U.S.C. § 13102(16).

"To satisfy the first requirement—whether the employer is 'subject to [the DOT's] jurisdiction,' 29 C.F.R. § 782.2(a)—an employer 'must be engaged in interstate commerce.'" *Id.* (quoting *Songer v. Dillon Res., Inc.*, 618 F.3d 467, 472 (5th Cir. 2010)). The MCA defines interstate commerce as commerce "between a place in . . . a State and a place in another State." 49 U.S.C. § 13501(1)(A). "However, this definition 'has not been applied literally by the courts. In fact, we have defined it as the actual transport of goods across state lines or the intrastate transport of goods in the flow of interstate commerce.'" *Allen*, 755 F.3d at 283 (quoting *Songer*, 618 F.3d at 472).

"To satisfy the second requirement—whether the employees 'engage in activities of a character directly affecting the safety of operation of motor vehicles . . . in interstate . . . commerce,' 29 C.F.R. § 782.2(a)—'neither the name given to [the employee's] position nor that given to the work [the employee] does is controlling.'" *Id.* (citing 29 C.F.R. § 782.2(b)(2)). Rather, "what is controlling is the character of the activities involved in the performance of [the employee's] job." *Id.* (citing 29 C.F.R. § 782.2(b)(2)). The general rule is that:

> if the bona fide duties of the job performed by the employee are in fact such that he is (or, in the case of a member of a group of **drivers, driver's helpers, loaders, or mechanics employed** by a common carrier and engaged in safety-affecting occupations, that he is likely to be) called upon in the ordinary course of his work to perform, either regularly or from time to time, **safety-affecting activities** . . . he comes within the exemption in all workweeks when he is employed at such job . . . . Where this is the case, the rule applies regardless of the proportion of the employee's time or of his activities which is actually devoted to such safety-affecting work in the particular workweek, and the exemption will be applicable even in a workweek when the employee happens to perform no work directly affecting "safety of operation."

*Allen*, 755 F.3d at 284 (quoting 29 C.F.R. § 782.2(b)(3)) (emphasis added).[4] "A 'driver' . . . is an individual who drives a motor vehicle in transportation which is . . . in interstate or foreign commerce." 29 C.F.R. § 782.3. "A Driver's 'helper,' . . . is an employee other than a driver, who is required to ride on a motor vehicle when it is being operated in interstate or foreign commerce . . . ." 29 C.F.R. § 782.4. "A 'loader,' . . . is an employee . . . whose duties include, among other things, the proper loading of his employer's motor vehicles so that they may be safely operated on the highways of the country." 29 C.F.R. § 782.5. "A 'mechanic' . . . is an employee . . . whose duty it is to keep motor vehicles operated in interstate or foreign commerce by his employer in a good and safe working condition." 29 C.F.R. § 782.6.

## C. The TCA – the Exception to the Exemption

"The MCA exemption is limited by the provisions of the SAFETEA–LU Technical Corrections Act of 2008 (TCA)." *Edwards v. 4JLJ, LLC*, 2:15-CV-299, 2018 WL 2981154, at *1 (S.D. Tex. June 14, 2018). "More specifically, the TCA provides an exception from the MCA exemption—when Plaintiffs' work involved meaningful duties with respect to motor vehicles weighing 10,000 pounds or less (non-commercial vehicles)." *Id.* Employees subject to the TCA exception are referred to as "covered employees." *Carley*, 890 F.3d at 579. A covered employee is an employee:

> (1) who is employed by a motor carrier or motor private carrier;
>
> (2) whose work, in whole or in part, is defined—
>
>> (A) as that of a driver, driver's helper, loader, or mechanic; and

---

4. "The Supreme Court has clarified that this exemption applies 'to those employees and those only whose work involves engagement in activities consisting wholly or in part of a class of work which is defined: (i) As that of a driver, driver's helper, loader, or mechanic, and (ii) as directly affecting the safety of operation of motor vehicles on the public highways in transportation in interstate or foreign commerce." *Carley*, 890 F.3d at 577 n.4 (citing 29 C.F.R. § 782.2(b)(2); *Morris*, 332 U.S. at 422; *Pyramid Motor Freight Corp. v. Ispass*, 330 U.S. 695 (1947); *Levinson v. Spector Motor Serv.*, 330 U.S. 649 (1947)).

> > (B) as affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce;
> >
> > > (i) designed or used to transport more than 8 passengers (including the driver) for compensation;
> > >
> > > (ii) designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or
> > >
> > > (iii) used in transporting material found by the Secretary of Transportation to be hazardous under section 5103 of title 49, United States Code, and transported in a quantity requiring placarding under regulations prescribed by the Secretary under section 5103 of title 49, United States Code; and
> >
> > (3) who performs duties on motor vehicles weighing 10,000 pounds or less.

Pub. L. No. 110–244, Title III, § 306(c). "This provision's effect is to ensure that, 'regardless of the terms of the MCA exemption, the overtime requirements of the FLSA apply to employees (1) who are employed by a motor carrier or motor private carrier, (2) whose work, in whole or in part, is defined as that of a driver, driver's helper, loader, or mechanic and affects the safety of motor vehicles weighing 10,000 pounds or less in transportation on public highways, and (3) who perform duties on motor vehicles weighing 10,000 pounds or less." *Gomez*, 2017 WL 7052254, at *5 (quoting *Moore v. Performance Pressure Pumping Servs., LLC*, 5:15-CV-346-RCL, 2017 WL 1501436, at *8 (W.D. Tex. Apr. 26, 2017)).

The plaintiff bears the burden of proving the weight of vehicles under the TCA. *Carley*, 890 F.3d at 580; *see also Edwards*, 2018 WL 2981154, at *13. Gross vehicle weight rating (GVWR), rather than a vehicle's actual weight, is the appropriate criterion for determining the

applicability of the TCA exception. *Carley*, 890 F.3d at 581–83. GVWR means the value specified by the manufacturer as the loaded weight of a single motor vehicle. 49 C.F.R. § 390.5.

### III.   DISCUSSION

Defendants move for partial summary judgment contending there is no genuine issue of material fact that Plaintiffs Carter, Rivera, Sanchez are exempt from the FLSA under the MCA during certain workweeks, and the TCA does not apply to the three Plaintiffs during these workweeks. (Docs. 143 at 7–14; 144 at 8–15; 145 at 7–15). Plaintiffs move for summary judgment arguing there is no genuine issue of material fact that the MCA exemption applies to any Plaintiff. (Doc. 151).

### A.  Defendants' Motions for Summary Judgment

#### i.    MCA Exemption

Defendants first argue that there can be no dispute that the MCA exemption applies to Carter, Rivera, and Sanchez because: (1) Defendants are a carrier whose transportation of passengers or property by motor vehicle is subject to the Secretary's jurisdiction under the MCA; and (2) the three Plaintiffs engaged in activities of a character that affected transportation safety and involved the transportation on the public highways of passengers or property in interstate commerce within the meaning of the MCA. (Docs. 143 at 7–10; 144 at 8–11; 145 at 7–10).

Defendants address the first prong of the exemption—whether Defendants are a motor carrier engaged in the transportation of property subject to the jurisdiction of the MCA. *See* 29 C.F.R. § 782.2(a). Defendants contend they are a "motor carrier" as defined by 49 U.S.C. § 13102(14) because Defendants have operated as a motor carrier regulated by the U.S. Department of Transportation since 2010—USDOT Number 2086221. (Docs. 143 at 9–10; 144 at 9–10; 145 at 9–10). Defendants further argue the three Plaintiffs drove F-550s (big trucks)

with a GVWR of more than 10,001 pounds between a place in a State and a place in another State—specifically between Texas and New Mexico. *Id.* Accordingly, Defendants contend the three Plaintiffs were employed by a motor carrier engaged in the transportation of property subject to the MCA. *See* 29 C.F.R. § 782.2(a); 49 U.S.C. § 13501(1)(A); *Allen*, 755 F.3d at 283; *Songer*, 618 F.3d at 472.

Defendants next address the second prong of the exemption—that the three Plaintiffs engaged in activities directly affecting the safety of operation of motor vehicles in interstate commerce. (Docs. 143 at 9–10; 144 at 10; 145 at 9); *See* 29 C.F.R. § 782.2(a). Defendants state that the Plaintiffs' duties included operating Ford F-550 trucks on interstate highways in Texas and New Mexico to perform tasks that included using the trucks to pull gooseneck trailers transporting heavy equipment to well sites. (Docs. 143 at 9–10; 144 at 10; 145 at 9). Defendants argue these activities were an important part of the Plaintiffs' duties because Defendants' business could not be completed if Plaintiffs did not transport the personnel and equipment to well sites. *Id.* Therefore, Defendants posit that the three Plaintiffs satisfy the safety-affecting duties of "partial-duty drivers" in the Department of Labor Regulations and the Plaintiffs operated vehicles in interstate commerce. *Id.*; *see* 29 C.F.R. § 782.3 ("'Drivers,' . . . include, for example, such partial-duty drivers as the following, who drive in interstate or foreign commerce as part of a job in which they are required also to engage in other types of driving or nondriving work . . ."); *Allen v. Coil Tubing Servs., L.L.C.*, 846 F. Supp. 2d 678, 695–96 (S.D. Tex. 2012), *aff'd*, 755 F.3d 279 (5th Cir. 2014) (quoting *Levinson*, 330 U.S. at 681) (Addressing partial-duty drivers, "An employee who engages in activities that include driving affects safety of operation, even where it is unknown 'what fraction of his time was spent in activities affecting safety of operation.'") Accordingly, Defendants provide evidence indicating that Plaintiffs were partial-

duty drivers whose activities directly affected the safety of operation of motor vehicles in interstate commerce.

Plaintiffs do not directly refute Defendants' MCA analysis in their responses to Defendants' motions for summary judgment—i.e., citing evidence or arguments demonstrating that Plaintiffs cannot qualify for the MCA exemption. (*See* Docs. 166, 167, 169). Instead, Plaintiffs attack the credibility of Defendants' evidence. *Id.* The Court will address Plaintiffs' evidentiary attacks below under the TCA exception. In Plaintiffs' motion for summary judgment, Plaintiffs also do not directly address whether or not Plaintiffs are expressly exempt under the MCA. (*See* Doc. 151 at 5–13). Instead, Plaintiffs argue the TCA exception to the MCA exemption prevents Defendants from meeting the MCA exemption as a matter of law. (Doc. 151 at 5–7). Accordingly, the Court must address the TCA exception.

### ii.   TCA Exception

The parties' motions for summary judgment turn on the TCA exception. Defendants argue the TCA exception does not apply in certain workweeks where the three Plaintiffs at issue exclusively operated Ford F-550s or did not work overtime. (Docs. 143 at 10–14; 144 at 11–15; 145 at 10–15). If the TCA exception does not apply in these workweeks, Defendants contend Plaintiffs are exempt from the provisions of the FLSA under the MCA. *Id.* Plaintiffs counter that Defendants cannot meet the requirements of the MCA because Defendants cannot prove as a matter of law that Plaintiffs drove vehicles weighing more than 10,000 pounds—therefore qualifying Plaintiffs as covered employees under the TCA. (Doc. 151 at 5–13).

As an initial matter, the Court addresses Defendants' evidence. Defendants' cite the Plaintiffs' drivers' logs to show that during certain workweeks the three Plaintiffs exclusively operated Ford F-550s or did not work overtime. (Docs. 143 at 12–14; 144 at 13–15; 145 at 12–

15). Accordingly, Defendants contend Plaintiffs are exempt from the FLSA during these workweeks under the MCA, and the TCA exception does not apply. *Id.* Plaintiffs cite declarations and deposition testimony of the Plaintiffs stating that the drivers' logs are inaccurate. (Docs. 166 at 6–11; 167 at 6–13; 169 at 5–7). Specifically, Plaintiffs contend Defendants did not require their employees to keep accurate drivers' logs, and there was no punishment for failing to complete the logs properly. *Id.* Plaintiffs then cite specific weeks contending evidence demonstrates that the Plaintiffs drove small trucks during these weeks, thereby further disputing the accuracy of the drivers' logs. *Id.* Defendants reply arguing the drivers' logs are credible and accurate. (*See* Docs. 174, 175, 176).

Reviewing the motions, responses, and replies, it is clear that there are fact questions regarding the credibility of the drivers' logs and other evidence. Such credibility determinations cannot be resolved at the summary-judgment stage. *See Caboni*, 278 F.3d at 451 (noting the Court may not weigh the evidence, or evaluate the credibility of witnesses). Accordingly, the Court **DENIES** Defendants' motions for summary judgment. (Docs. 143, 144, 145).

Turning to Plaintiffs' motion for summary judgment, the Court notes that Plaintiffs' motion is difficult to follow. (Doc. 151). Plaintiffs initially argue that Defendants cannot meet the requirements of the MCA exemption because Defendants cannot prove Plaintiffs exclusively drove vehicles weighing more than 10,000 pounds. *Id.* at 7. In its argument, Plaintiffs incorrectly place the burden of proof on Defendants: "The burden is on the employer asserting the MCA exemption to demonstrate its employees are not 'covered employees' under the TCA." *Id.* at 8. The Fifth Circuit recently rejected this argument in *Carly* holding that the plaintiff bears the burden of proving the weight of vehicles under the TCA. *Carley*, 890 F.3d at 580. Plaintiffs then request the Court use the actual, unloaded weight of the vehicles and not the GVWR as the

12

applicable standard under the TCA. (Doc. 151 at 11–13). Yet, *Carley* also determined the GVWR is the appropriate criterion for determining the applicability of the TCA exception. *Carley*, 890 F.3d at 581–83.

Plaintiffs acknowledge *Carley* in their reply, but contend summary judgment is still appropriate. (Doc. 178). First, Plaintiffs claim Defendants fail to identify admissible evidence that the MCA exemption applies to any of the Plaintiffs other than the three Plaintiffs addressed in Defendants' motions for summary judgment. *Id.* at 4–5.  However, it does not appear that either party meets their summary-judgment burden. Instead, the parties repeat arguments previously asserted in motions to compel—concerning whether or not Defendants adequately disclosed which weeks Plaintiffs drove big trucks. (Docs. 109; 150; 163 at 6–8; 178 at 5–6).

Plaintiffs then reassert their argument that the Court should apply the actual weight and not the GVWR. (Doc. 178 at 7). Plaintiffs wish to preserve this issue for appeal despite *Carley*'s holding. *Id.* Consequently, the Court **DENIES** Plaintiffs' request pursuant to *Carley* and finds the GVWR is the applicable standard under the TCA. Due to Plaintiffs' misplaced legal arguments and the lack of factual support, the Court denies Plaintiffs' motion for summary judgment because Plaintiffs fail to meet their initial summary-judgment burden of showing the MCA does not apply to other Plaintiffs.

## IV.   CONCLUSION

As noted in the Court's order denying decertification, it appears the MCA and TCA issues in this case will turn on a limited body of evidence demonstrating whether Plaintiffs drove certain vehicles in specific workweeks. The parties dispute the credibility of the evidence relating to the MCA and TCA issues. Therefore, a genuine issue of material fact exists and the Court **DENIES** the following motions because summary judgment is inappropriate:

- Defendants' Motion for Partial Summary Judgment on Liability Claim of Plaintiff William Scott Carter and Incorporated Memorandum in Support (Doc. 143);

- Defendants' Motion for Partial Summary Judgment on Liability Claim of Plaintiff Carlos Alberto Rivera and Incorporated Memorandum in Support (Doc. 144);

- Defendants' Motion for Partial Summary Judgment on Liability Claim of Plaintiff Uriel Olivas Sanchez and Incorporated Memorandum in Support (Doc. 145); and

- Plaintiffs' Motion for Partial Summary Judgment on Defendants' Motor Carrier Act Exemption Affirmative Defense (Doc. 151).

It is so **ORDERED**.

SIGNED this 9th day of July, 2018.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

14