UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | |
|---|---|
| JASON SNIVELY, STEPHEN CLARK, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B),<br><br>    Plaintiffs,<br><br>VERSUS<br><br>PEAK PRESSURE CONTROL, LLC, AND NINE ENERGY SERVICES, L.L.C.<br><br>    Defendants. | CIVIL ACTION NO. 7:15-CV-00134-DC |

**DEFENDANTS' BRIEF ON REPRESENTATIVE PROOF
IN RESPONSE TO COURT'S ORDER**

Defendants, Peak Pressure Control, LLC and Nine Energy Service, LLC, submit this brief in accordance with the Court's request at the pretrial conference and subsequent Order, Rec. Doc. 215, for the parties to simultaneously "provide supplemental briefing regarding the issue of whether or not a representative trial is required or sufficient for the resolution of this matter." As a threshold matter, it bears noting that Plaintiffs have not filed any motion or briefing with the Court proposing a specific group of representatives or representative proof trial plan, or attempting to establish through expert testimony, as is often the case, or otherwise that such representative proof is appropriate. Defendants have opposed conditional certification and moved for decertification of this case, and maintain that the highly individualized claims and defenses, particularly with respect to workweek-specific and Plaintiff-specific liablity issues

{B1230360.1}

under the Motor Carrier Act and Technical Corrections Act,[1] make a collective action and, thus, representative proof improper. While the Court has thus far decided to allow the case to proceed to trial on a collective basis, Plaintiffs have failed to file any motion at all to proceed with representative proof, much less propose the selection or identity of representatives or details of any trial plan. As the issue of representative proof is distinct from the issue of whether a matter can proceed or remain certified as a collective action, it is incumbent upon Plaintiffs as the parties seeking same to present a plan for representative proof and attempt to establish the propriety of such a plan for Defendants' response and the Court's consideration.

Defendants are necessarily limited in their ability to address the issue of representative proof without a specific, concrete proposal by the Plaintiffs, and thus request the opportunity from the Court to respond to any proposal they may submit in response to the Court's request for briefing. The Plaintiffs, who filed this lawsuit, bear the initial substantive burden of proving entitlement to overtime and damages under the FLSA,[2] and it is up to them to specify and attempt to justify any method of proving their claims that deviates from the default rule of civil proceedings that each Plaintiff must appear and attempt to prove his claims individually.[3]

---

[1] Defendants acknowledge that the Court has already ruled to allow conditional certification and to deny decertification, over its objections as set forth in Rec. Docs. 146 and 180, but also note that this issue may be revisited by the Court at any time, including during trial. *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 572 (E.D. La. 2008).

[2] The employee has the burden of proving the hours worked for which he or she was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-687 (1946), *superseded by statute on other grounds,* 29 U.S.C. § 251.

[3] Specific to FLSA claims, *see Sperling v. Hoffman-La Roche, Inc.,* 118 F.R.D. 392, 407 (D.N.J. 1988) ("At trial, each individual plaintiff must bear his or her burden of proof as to each element of an ADEA claim," where § 216(b) of the FLSA supplies the ADEA's remedial mechanisms); *see also* Federal Jury Practice and Instrictions Civil Companion Handbook § 18:1 (2015-2016 ed.) ("Instruction No. 12: Consider Each Plaintiff Separately. Each of the five plaintiffs asserts a separate claim against the defendant. You are instructed that each plaintiff bears the burden of proving his claim that the defendant failed to pay him overtime. You must

Defendants cannot respond to or brief unstated trial plans. Nonetheless, Defendants offer the following legal discussion to guide this Court's consideration of any proposal that may be made and until Defendants have a fair opportunity to respond to whatever may be proposed for this specific case.

In response to Plaintiffs' suggestion at the pretrial conference that representative proof is somehow appropriate, automatic, or required in this case (in spite of the absence of any proposed plan), Defendants note that nothing in the text of the FLSA refers to representative proof or otherwise states that individual claims may be established in this manner. The starting point for assessing whether representative proof is "required" or even appropriate is the text of the statute itself. The Supreme Court very recently cautioned courts against relying on the "flawed premise that the FLSA 'pursues' its remedial purpose 'at all costs'" when interpreting its provisions. *Encino Motorcars LLC v. Navarro,* 138 S. Ct. 1134, 1142 (2018). The Court explained:

> Even for those Members of this Court who consider legislative history, silence in the legislative history, "no matter how 'clanging,'" cannot defeat the better reading of the text and statutory context. If the text is clear, it needs no repetition in the legislative history; and if the text is ambiguous, silence in the legislative history cannot lend any clarity. Even if Congress did not foresee all of the applications of the statute, that is no reason not to give the statutory text a fair reading.

*Id.,* 138 S. Ct. at 1143 (internal citations omitted). On the issue of representative proof, the FLSA is silent and, thus, such proof is not "required." Congress has demonstrated that it knows how to dictate a requirement, not just in the clear and specific mandates in the FLSA but in its many

---

consider each plaintiff separately, and determine whether he has sustained the burden of proof as it applies to his claim for overtime compensation."); *Johnson v. Unified Gov't of Wyandotte County/Kansas City,* 371 F.3d 723, 730-731 (10th Cir. 2004) (affirming district court's decision to require submission of jury issue on damages for each of 26 FLSA plaintiffs and stating "[e]ven if we assume that the plaintiffs had proffered a set of instructions and a verdict form that would have been far easier for the jurors to use, that would still not convince us that the trial judge abused his discretion in not using the simplest procedure available").

other enactments. *See e.g.* 29 U.S.C. § 206(a) ("Every employer shall pay to each of his employees . . . ."). In fact, the FLSA does not even refer to "collective action," and with respect to the type of proceeding that has become known as such states only that:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

As representative proof in an FLSA collective action is not automatic or required, the next question posed by the Court is whether such proof in this case is sufficient. As noted above, the answer to this question, and the underlying question of whether such proof is fair or proper in any particular case, must necessarily turn on the specific plan that is proposed, the claims and defenses in the case, and other case-specific matters. Here, Plaintiffs have yet to state any of the details of such a proposal, including the number of representatives and the manner of selecting or the identity of such representatives. Defendants are unable to address in what way any proposal may not be or may be appropriate or sufficient without a specific proposal from Plaintiffs.

Defendants are unaware of any legal authorities addressing the propriety of representative proof in a case that, like this one, involves an MCA exemption defense, claims of TCA coverage in certain workweeks notwithstanding the MCA exemption, and other individualized exemptions such as the highly-compensated and administrative employee exemptions. Plaintiffs referred to authority from the Sixth Circuit during the pretrial conference, in particular *Monroe v. FTS USA, LLC,* 763 F. Supp. 2d 979 (W.D.Tenn. 2011), but that case did not involve an alleged misclassification of employees as exempt from overtime under the FLSA, as alleged here, nor

did it involve any overtime defenses at all. *Id.,* 763 F. Supp. 2d at 983-984. Instead, the district court addressed using representative proof to determine *damages*, not issues of individualized workweek-specific *liability* such as are present here under the MCA and TCA, for example.

Further, demonstrating the propriety of representative proof requires not only a specific plan but a showing that the proposed plan would yield a fair result in light of the specific facts of the case. *See, e.g., Espenscheid v. DirectSat USA, LLC, et al.*, 2011 WL 2009967, at **5-6 (W.D. Wis. 5/23/2011) ("However, even if all of the plaintiffs and class members could be lumped together into one class based on a broad theory of liability, **plaintiffs have not proposed a trial plan that would lead to a fair result**."). In fact, plaintiffs typically do so by offering evidence from experts regarding the representative nature of the proposed sampling of evidence. *See, e.g., Espenscheid* at * 6 ("Plaintiffs have not explained how the 42 technicians are representative of the whole class or how counsel could extrapolate the findings from a small sub-set of individuals to an absent class, **particularly without the use of an expert**."; "The single fact that all technicians were subject to the same policies, practices and job descriptions does not permit a conclusion that a small sub-set would automatically be representative of the whole."; *Marlo v. United Parcel Service, Inc.* 251 F.R.D. 476, 485 (C.D.Cal. 2008) ("Contrary to Plaintiff counsel's representations, [Plaintiff's expert] stated in her deposition that she **did not know whether the survey sample was representative, did not do anything to evaluate whether the sample was representative, and was unaware of any guidelines for ensuring that a survey provides representative evidence**."). Plaintiffs have yet to present this type of evidence or attempt to make any showing of this nature, much less move the Court to consider a specific plan.

Finally, as discussed in Defendants' briefing on the issues of conditional certification and decertification, the exemption defenses in this case present issues individualized to each Plaintiff and dependent on facts that, as a matter of the governing statute, require a week-by-week and Plaintiff-by-Plaintiff review. Indeed, the Court contemplated in its decision on Defendants' motion for decertification that consideration of job-related evidence, such as drivers' logs, for each Plaintiff would be considered at trial. See. Rec. Doc. 190 at p. 10 ("each Plaintiff must undergo the same factual inquiry as to whether that Plaintiff is subject to the MCA or HCE exemption"). In fact, Plaintiffs' counsel and Jacob Rodriguez, a former opt-in Plaintiff in this case who abandoned his FLSA claims and withdrew from this case to pursue state law claims in a different court, stated as follows regarding the individualized nature of the MCA exemption defense:

> Plaintiff chose to file this case because of the inapplicability of the MCA increases the likelihood of success and faster resolution. Nine fails to mention that it has filed a motion for decertification in <u>Snively</u> on grounds that the MCA **requires an assessment of duties on an individualized basis that will likely succeed**. Had Plaintiff stayed in the case he would likely have been caused to file his own individual suit following decertification.

*Jacob Rodriguez v. Peak Pressure Control, LLC and Nine Energy Service, LLC,* Civil Action No. 2:17-00576-JCH-KBM, U.S. District Court, District of New Mexico, Rec. Doc. 41, p. 5. Plaintiffs also have indicated their view that dealing with such week-by-week exemptions or exceptions is simple and discrete, which would make the unusual and exceptional approach of using representative proof unnecessary: "There is simply no tenable argument that presents a more manageable solution for the federal courts, much less this Court, *than dealing with the simple and discrete issues of week-by-week exemptions or exceptions.*" Rec. Doc. 171, p. 21.

In summary, Plaintiffs appear to suggest that representative proof is appropriate in this case, but have failed to take any steps to actually propose a plan or demonstrate that it will yield

a fair result and is otherwise appropriate here. Their failure to do so will mean that each Plaintiff must appear and individually prove his claims. And, regardless, evidence relating to each Plaintiff must be examined to determine individualized issues, regardless of whether the Court permits proof on a representative basis or requires it on an individual basis, given the nature of the individualized claims and defenses, and relevant facts, in this case. Defendants intend to introduce such individualized evidence, to the extent allowed by the Court, including but not limited to Plaintiffs' dates of employment, pay records, drivers' logs, and other job-related records in support of their defenses. Again, Defendants are unable to address with specificity the Court's questions in the absence of a proposed plan, and respectfully request the opportunity to respond to any such proposal the Plaintiffs may submit in response to the Court's Order.

Respectfully submitted,

Christopher S. Mann
(TX Bar No. 24061563)
Christine M. White
(TX Bar No. 24068713)
Jason A. Culotta
(Federal ID No. 2859054)
Jones Walker LLP
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8332
Facsimile: (504) 589-8332
E-Mail: cmann@joneswalker.com
E-Mail: cwhite@joneswalker.com
E-Mail: jculotta@joneswalker.com

and

/*s/ Jennifer L. Anderson*
Jennifer L. Anderson
(TX Bar No. 24047796)
Jones Walker LLP
Four United Plaza
8555 United Plaza Boulevard
Baton Rouge, Louisiana 70809
Telephone: (225) 248-2040
Facsimile: (225) 248-3040
E-Mail: janderson@joneswalker.com

and

Stephanie M. Gilliam
(TX Bar No. 24083071)
Jones Walker LLP
811 Main St., Ste 2900
Houston, Texas 77002
Telephone: (713) 437-1872
Facsimile: (713) 437-1912
E-Mail: sgilliam@joneswalker.com

***Attorneys for Defendants, Peak Pressure Control, LLC and Nine Energy Service, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2018, a copy of the foregoing was filed electronically using the Court's CM/ECF system and served in accordance with the Federal Rules of Civil Procedure. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.

*/s/ Jennifer L. Anderson*
Jennifer L. Anderson