IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **JASON SNIVELY, STEPHEN CLARK,** | § | |
| **and all others similarly situated;** | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **MO:15-CV-00134-DC** |
| | § | |
| **PEAK PRESSURE CONTROL, LLC, and** | § | |
| **NINE ENERGY SERVICES, LLC,** | § | |
| *Defendants*. | § | |

## ORDER ALLOWING REPRESENTATIVE EVIDENCE

On July 13, 2018, the Court held a Final Pretrial Conference in the above-captioned matter. (Doc. 215). On July 16, 2018, the Court issued its Final Pretrial Conference Order requesting that the parties file supplemental briefing regarding whether "a representative trial is required or sufficient for the resolution of this matter." *Id.* On July 20, 2018, both parties filed their respective Brief regarding whether the Court should continue with representative evidence. (Docs. 216, 217). At this juncture, the Court finds that the use of representative evidence is appropriate for the resolution of this matter.

## I. BACKGROUND

On August 26, 2015, Plaintiffs filed this lawsuit against Defendants alleging Defendants failed to pay Plaintiffs for hours worked in excess of 40 hours in a single workweek in violation of the Federal Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et. seq*. (Doc. 85 at 1). On February 29, 2016, the Court conditionally certified the case for: "All pressure control operators who were employed by Nine Energy Services, LLC or Peak Pressure Control, LLC from August 26, 2012, to the present who were paid in whole or in part on a salary basis." (Doc. 56). Approximately seventy (70) Plaintiffs remained in the suit after the opt-in period terminated.

(Doc. 217 at 2). The parties chose sixteen (16) discovery-group Plaintiffs to facilitate discovery. *Id.* On May 1, 2018, Defendants filed a Motion for Decertification arguing that "the highly individualized claims and defenses, particularly with respect to workweek-specific and Plaintiff-specific liability issues under the Motor Carrier and Technical Corrections Act, make a collective action and, thus, representative proof improper." (Doc. 216 at 1–2). The Court denied Defendants' Motion for Decertification on June 30, 2018. (Doc. 190). The Court found that the evidence demonstrated that: "pressure control operators performed relatively similar work, worked similar hours, and possessed similar qualifications while receiving no overtime pay;" "each Plaintiff must undergo the same factual inquiry as to whether that Plaintiff is subject to the MCA and HCE exemption;" and that "the limited nature of the evidence and the parties' bench trial request will enable an efficient and fair resolution of the case." *Id.* at 6, 10, 12.

On July 13, 2018, the Court held a Final Pretrial Conference at which Defendants questioned the fairness and efficiency of using representative proof. (Doc. 215). Accordingly, in its Final Pretrial Conference Order issued on July 16, 2018, the Court ordered the parties to file supplemental briefing regarding the issue of whether the use of representative evidence is proper in this case. *Id.* Both parties filed a Brief by the prescribed deadline of July 20, 2018. (Docs. 216, 217).

In their Brief, Defendants argue that Plaintiffs have not filed a representative trial plan thus Defendants "are limited in their ability to address the issue of representative proof without a specific, concrete proposal by the Plaintiffs." (Doc. 216 at 2). Defendants also allege that the FLSA does not *require* representative proof. *Id.* at 3. Next, Defendants indicate that "demonstrating the propriety of representative proof requires not only a specific plan but a showing that the proposed plan would yield a fair result in light of the specific facts of the case."

2

*Id.* at 5. Finally, Defendants argue that "the exemption defenses in this case present issues individualized to each Plaintiff and dependent on facts that, as a matter of the governing statute, require a week-by-week and Plaintiff-by-Plaintiff review." *Id.* at 6.

Plaintiffs counter that representative evidence has been used in many FLSA collective actions and is appropriate in this case. (Doc. 217). Plaintiffs argue that they "can prove liability and the inaccuracy of the driver's logs based on common evidence on a classwide basis," and that they can prove "both vehicle exclusivity and hours worked by 'just and reasonable inference' applicable to the class based on a weighted average for both components." *Id.* at 23. Finally, Plaintiffs contend that "the fact-finder is permitted to extrapolate the class damages from representative evidence, and Courts have often sanctioned the derivation of aggregate figures through averaging." *Id.* at 24.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(2), the Court has the discretion to limit the scope of discovery in FLSA collective actions. Fed. R. Civ. P. 26(b)(2). Additionally, Federal Rules of Evidence 403 and 611 grant the Court the discretion to limit evidence that will unduly delay the proceeding, waste time, and is cumulative and unnecessary. Fed. R. Evid. 403, 611.

In an FLSA case, plaintiffs may "establish a *prima facie* case for non-testifying employees based on the 'fairly representational' testimony of other employees." *Albanil v. Coast 2 Coast, Inc.*, 444 Fed. Appx. 788, 806 (5th Cir. 2011) (citing *Brennan v. Gen. Motors Acceptance Corp.*, 482 F.2d 825, 829 (5th Cir. 1973); *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 67 (2d Cir. 1997); *Reich v. S. Md. Hosp., Inc.*, 43 F.3d 949, 951 (4th Cir. 1995); *Secretary of Labor v. DeSisto*, 929 F.2d 789, 792 (1st Cir. 1991); *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1298 (3d Cir. 1991); *Brock v. Norman's Country Mkt., Inc.*, 835 F.2d 823,

3

828 (11th Cir. 1988); *McLaughlin v. Ho Fat Seto*, 850 F.2d 586, 589 (9th Cir. 1988)). The reasoning behind allowing the use of representative testimony is that in "many cases, a representative sample is 'the only practicable means to collect and present relevant data' establishing a defendant's liability." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1046 (2016). "In a case where representative evidence is relevant in proving a plaintiff's individual claim, that evidence cannot be deemed improper merely because the claim is brought on behalf of a class." *Id.* If and when representative evidence can be used to prove liability depends "on the purpose for which the evidence is being introduced and on 'the elements of the underlying cause of action.'" *Id.* (citing *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 809 (2011)).

A defendant may refute the plaintiffs' representative testimony with evidence showing that "'individual employees are excepted from the pattern or practice' and with evidence that 'would tend to negate the inferences to be drawn from the testimony of the representative reporters.'" *Roussell v. Brinker Int'l, Inc.*, No. H–05–3733, 2009 WL 595978, at *1 (S.D. Tex. Mar. 6, 2009) (citing *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 702 (3d Cir. 1994)). Finally, the Court may decide that the case requires decertification if, considering the trial evidence, the Court finds that the class is not similarly situated. *Id.* (citing *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 571–72 (E.D. La. 2008)).

### III.   DISCUSSION

The parties disagree as to whether representative evidence is proper to prove liability and damages. (Docs. 216, 217). Whereas Defendants believe that the exemption defenses, in this case, present issues individualized to each Plaintiff and dependent on facts that require a week-by-week and Plaintiff-by-Plaintiff review, Plaintiffs argue that the sixteen (16) discovery-group

Plaintiffs are representative of the entire class. *Id.* At this juncture, the Court finds that representative evidence may be used to prove liability and damages.

Before analyzing the parties' arguments, the Court notes that in their Brief, Plaintiffs assert that the sixteen (16) class members who were subject to discovery fairly represent the entire class. (Doc. 217 at 5–6, 17). Plaintiffs argue that they can prove liability on a classwide basis and propose that hours worked and MCA vehicle exclusivity "should be determined based on just and reasonable inference." *Id.* at 22–23. Finally, Plaintiffs assert that Plaintiffs' damages may be determined "based on an extrapolation of evidence." *Id.* at 23–25.

### A.  Necessity & Propriety of Utilizing Representative Evidence

Defendants argue that the FLSA does not *require* the parties to use representative proof. (Doc. 216 at 3). While that may be correct, the Court notes that "the collective-action framework presumes that *similarly situated employees are representative of each other* and have the ability to proceed to trial collectively." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 409 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 980 (2018) (emphasis added) (citing *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008)). Once the Court has determined that the Plaintiffs are similarly situated and "that they may proceed as a collective action[,]…whether the Plaintiffs have actually presented representative testimony of liability and damages of the collective action is reserved for trial." *Pierce v. Wyndham Vacation Resorts, Inc.*, No. 3:13-CV-641-CCS, 2017 WL 4398656, at *7 (E.D. Tenn. Oct. 3, 2017) (citing *Takacs v. Hahn Auto. Corp.*, C-3-95-404, 1999 WL 33127976, at *1–3 (S.D. Ohio Jan. 25, 1999)). Plaintiffs "bear the risk [of] failing to establish that the testifying employees are fairly representative." *Id.* (citing *Takacs*, 1999 WL 33127976, at *3).

## B.  Necessity of A Trial Plan

Defendants request that Plaintiffs be required to file a trial plan "for representative proof and attempt to establish the propriety of such a plan for Defendants' response and the Court's consideration." (Doc. 216 at 2). The Court notes that although Plaintiffs did not file a plan that is detailed, in their Brief, Plaintiffs explained how they will proceed to establish liability and damages at trial. (Doc. 217). Further, the Court finds that requiring Plaintiffs to file a specific trial plan this late in the proceeding, that will likely resemble the proposals asserted in Plaintiffs' Brief, will require a stay that will result in a financial burden to both parties considering the years and work expended in preparing for trial in the case at bar. *See Roussell v. Brinker Intern., Inc.*, CIV.A. H-05-3733, 2009 WL 595978, at *4 (S.D. Tex. Mar. 6, 2009) (refusing to entertain Defendant's request that the Court reconsider its decision to proceed to trial without a trial plan, finding that Defendant's request "on the eve of trial" would "render a stay at this time very costly for all involved" given the "effort already expended in preparing for trial").

## C.  Defendants' Exemption Defenses & Fairness

Defendants allege that they are not aware of legal authority that addresses whether it is proper to use representative proof in a case that involves an "MCA exemption defense, claims of TCA coverage in certain workweeks notwithstanding the MCA exemption, and other individualized exemptions such as the highly compensated and administrative employee exemptions." (Doc. 216 at 4). Further, Defendants argue that *Monroe v. FTS USA, LLC*, which Plaintiffs cite, is not applicable because it "did not involve an alleged misclassification of employees as exempt from overtime under the FLSA, as alleged here, nor did it involve any overtime defense at all." *Id.* at 4–5.

"Courts have regularly endorsed the use of testimony by a relatively small number of representative witnesses in FLSA collective action lawsuits;" however, "the use of representative testimony is justified only where it is reasonable to believe that the testifying witnesses' experiences are sufficiently similar to those of the rest of the non-testifying plaintiffs." *Roussell v. Brinker Intern., Inc.*, No. H-o5-3733, 2008 WL 2714079, at \*22 (S.D. Tex. July 9, 2008) (citation omitted). In its June 2018 Order, this Court found that "Plaintiffs share similar factual and employment settings and are similarly situated, Defendants' defenses are more collective than individual, and collective resolution is fair and efficient." (Doc. 190). Accordingly, the use of representative testimony in this case is justified. *Roussell*, 2008 WL 2714079, at \*22.

Further, several courts have deemed it appropriate to allow representative evidence even where the employer raised exemption defenses. *See Myers v. Hertz Corp.*, 624 F.3d 537, 549 (2d Cir. 2010) (asserting that whether plaintiffs are exempt is not inherently an individualized inquiry); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008) ("We reject [Defendant's] argument that the *executive exemption defense* is so individualized that the testifying Plaintiffs did not fairly represent the non-testifying Plaintiffs." (emphasis added)); *Reich v. Gateway Press, Inc.*, 13 F.3d 685, 697–701 (3d Cir. 1994) (relying on the representative testimony of twenty-two (22) employees in finding that seventy (70) employees were misclassified as *exempt professionals*); *Donovan v. Burger King Corp.*, 672 F.2d 221, 224–25 (1st Cir. 1982) (finding that 246 employees were not *exempt executive employees* based on the testimony of only some employees); *Cruz v. Dollar Tree Stores, Inc.*, 270 F.R.D. 499, 508 (N.D. Cal. 2010) ("Whether employees who spent a majority of their time performing the seventeen tasks on the weekly payroll certifications were engaged in *exempt [managerial] work* is also a

question that can be answered on a class-wide basis."). As noted above, because at this point in the case it is reasonable to believe that the sixteen (16) discovery-group Plaintiffs,[1] which Plaintiffs assert will testify, are sufficiently similar to the non-testifying Plaintiffs, the use of representative evidence by Plaintiffs to prove liability and damages notwithstanding the exemption defenses is justified. Further, in this case, Plaintiffs intend to refute Defendants' evidence related to their exemption defenses on a classwide basis, which further supports the propriety of utilizing representative evidence. (Doc. 217 at 22).

As detailed in a case cited by Plaintiffs, due to Plaintiffs assertion that the sixteen (16) discovery-group Plaintiffs are representative of the class, Defendants may also use representative testimony to establish their affirmative defenses. *Walters v. Am. Coach Lines of Miami, Inc.*, No. 07-22000, 2009 WL 1708811, at *4 (S.D. Fla. June 17, 2009) (acknowledging Defendant could use representative evidence to prove its MCA exemption defense); *see also Myers*, 624 F.3d at 549 ("[Q]uestions involved in resolving exemption will be answerable through evidence generally applicable to the class."); *Morgan*, 551 F.3d at 1264 ("There is nothing inherently unfair about collectively litigating an affirmative executive-exemption defense where the district court has made well-supported and detailed findings with respect to similarity."); *Galdo v. PPL Elec. Utilities Corp.*, CV 14-5831, 2016 WL 4493197, at *7 (E.D. Pa. Aug. 26, 2016) (reasoning that because Plaintiffs "maintain they were so similarly situated as to necessarily constitute a

---

1. The Court notes that the sixteen (16) discovery-group Plaintiffs, which Plaintiffs assert are representative of the entire class, were selected by both parties. (Doc. 217 at 6). Further, Defendants stated that should the Court deny their Motion to Decertify, "we agree that it will likely make sense that the representatives consist of this discovery group or some subset thereof." (Doc. 217-1). Defendants further noted that they would be in a better position to determine whether it could proceed on a representative basis after discovery. *Id.* Plaintiffs argue that *Monroe v. FTS USA, LLC*, is applicable and thus Defendants should be prohibited from claiming the discovery group does not represent the class. (Doc. 217 at 15). Defendants counter that *Monroe* is not applicable because it did not involve exemption defenses as does this case. (Doc. 216 at 4–5). The Court rejects Defendants argument because even though *Monroe* did not involve exemption defenses, the same logic applied in that case applies here. Like *Monroe*, the Court in the case at bar, found that the discovery-group, "sufficiently represents the class." *Monroe v. FTS USA, LLC*, 860 F.3d 389, 395 (6th Cir. 2017), *cert. denied*, 138 S. Ct. 980 (2018). Thus, "to deny the use of representative proof in this case would undermine the purpose of class wide relief, and would have the effect of decertifying the class," which, in this case, the Court has already deemed improper. *Id.*

class for collective action purposes," Defendant need not prove "exemption as to each member of the collective"). Additionally, even though Defendants have the "burden to call as many Plaintiffs as necessary to establish [their] affirmative defense," the Court may limit such testimony upon finding that the testimony is cumulative under Federal Rule of Evidence 403. *Walters*, 2009 WL 1708811, at *4; *see also Morgan*, 551 F.3d at 1278 ("[Defendant] cannot rely on an insufficient number of witnesses being called by the Plaintiffs to meet [Defendant's] burden of proof on its own affirmative defense.").

Regarding Defendants' argument that Plaintiffs must prove that representative evidence will "yield a fair result in light of the specific facts of the case," the Court agrees with Plaintiffs that representative testimony will lead to a more expeditious and efficient trial and will not abridge Defendants' right of due process. (Docs. 216, 217).

### D. The Court's Discretionary Power & Responsibility to Monitor the Case

The Court reminds the parties that the Court has the discretion to determine whether Defendants' exemption defenses make the collective action unmanageable. *See Green v. Harbor Freight Tools USA, Inc.*, 888 F. Supp. 2d 1088, 1103 (D. Kan. 2012) (citing *Zavala v. Wal–Mart Stores, Inc.*, No. 03–5309, 2010 WL 2652510, at *10 (D.N.J. June 25, 2010)). Further, the Court is required to monitor its certification decision "in light of the evidentiary development of the case" and "define, redefine, subclass, and decertify as appropriate in response to the progression of the case from assertion to facts." *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 572 (E.D. La. 2008) (citing *Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir. 1983)). Accordingly, should the Court determine that, due to the evidence presented at trial, representative testimony is not appropriate, it will reconsider decertifying the class. The Court reminds Plaintiffs that they

must establish that the representative testimony fairly represents the class. *Pierce*, 2017 WL 4398656, at *7.

## IV.    CONCLUSION

For the preceding reasons, the Court finds that the parties may use representative evidence at trial.

It is so **ORDERED.**

**SIGNED this 9th day of November, 2018.**

**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**